## DEARING v. MOFFITT.

1. A promise by a bankrupt " that he had been decreed a bankrupt, but still in-
tended to pay the note—that he considered it a debt of honor, and though dis-
charged as a bankrupt, he did not intend to avail himself of that advantage, but
had some work engaged, from the proceeds of which he intended to pay the plain-
tiff," is not an absolute but a conditional promise, and to recover upon it it is
necessary to show that the state of things existed upon the happening of which
the promise to pay depended.

Error to the Circuit Court of Perry. .

Assumpsit by the defendant against the plaintiff, on a promis-
sory note.

The defendant pleaded in bar of the action, that he had been
decreed a bankrupt before the commencement of the suit.

To this plea, the plaintiff demurred, and the court overruling
the demurrer, the plaintiff replied to the plea, that after the de-
cree in bankruptcy, and before the certificate in bankruptcy was
granted, as also before the commencement of the suit, the de-
fendant promised to pay the debt. Issue being joined thereon,
the plaintiff proved that the defendant, when applied to for pay-
ment of the debt, said that he had been decreed a bankrupt, but
still intended to pay the debt—he considered it a debt of honor,
and though discharged as a bankrupt, he did not intend to avail
himself of that advantage. That he had some work engaged,
from the proceeds of which, he intended to pay the plaintiff—that
the debt was for the rent of the plaintiff's house, whilst she lived
in the kitchen.

This being all the evidence, the defendant demurred thereto,
and the plaintiff joined in the demurrer, and thereupon, the court
determined the issue for the plaintiff, and rendered judgment
thereon, which is now assigned for error.

T. Chilton, for plaintiff in error—contended that the promise
was insufficient; that if it could be considered a promise, it was
conditional, and to recover on it, it was necessary to prove that
the contingency on the happening of which the payment was to

be made, had arrived. He cited 1 Starkie's Rep. 370; 4 Espinasse, 36; 5 id. 198; 2 Starkie's Ev. 210; Douglass, 182.

DAVIS, for defendant in error.—The plea is bad in not alleging that the bankrupt had obtained his final certificate. To show that the promise was sufficient, he cited 1 Chitty, 60, 14 Johns. 178; 8 Mass. 127; 35 Law Lib. 429; 1 Stephens' N. P. 696.

ORMOND, J.—The view we take of this case, renders it unnecessary to consider any other question than the effect of the promise relied on as a waiver of the decree in bankruptcy.

It cannot be doubted that an express and unequivocal promise to pay a debt owing by a bankrupt, made after his discharge, will prevent him from relying on his certificate as a discharge, and the only question here is, whether the promise relied on in this case, is of that character.

The first member of the sentence is a declaration, that the debt was of such a character, that it created an honorary obligation for its payment; that, therefore, he intended to pay it, and would not avail himself of his discharge as a bankrupt. We do not consider that this is an absolute unconditional promise to pay the debt, but is merely a declaration, that at some future time, it should be paid. It cannot, however, be disconnected from what follows this statement, "that he had some work engaged, from the proceeds of which, he intended to pay the plaintiff" As a promise is merely evidence of the determination of the mind to do a particular act, there does not seem to be any reasonable distinction between, *I will pay*, and *I intend to pay*, on the happening of a particular event. This is then a promise to pay out of a particular fund, which the bankrupt expected to receive, and according to all the authorities, he is liable only according to his promise. If that is conditional, it must be shown that the contingency has happened. Thus, in Bessford v. Saunders, [2 H. Blackstone. 116,] the promise by the bankrupt was, that "the plaintiff should no be a loser, but that he would pay when he was able." This was held to be a conditional, and not an absolute promise, and that to recover, the plaintiff must prove the ability of the bankrupt to pay. To the same effect, is Kingston v. Wharton, [2 S. & R. 208.] This is the established doctrine in relation to conditional promises, relied on to take a debt out of the in-

fluence of the statute of limitations, between which, and a dis-charge in bankruptcy, the analogy appears to be perfect.

We are, therefore, of the opinion, that the promise in this case, is not absolute, but conditional, and that to recover upon it, it is necessary to prove that the state of things existed, upon the happening of which, the promise to pay depended. Let the judgment be reversed, and the cause remanded.