## GEE *vs.* THE ALA. LIFE INS. & TRUST CO.

1. S. H. G. and C. J. G., in exchange for the bonds, payable at a future day, of The Ala. L. Ins. & Tr. Co.—a corporation whose charter does not authorise it to lend its credits—executed to the company their individual bond, secured by mortgage, which they afterwards took up by transfering to the company the notes of E. given to them for land. E., before the transfer of his notes, had made a payment on one of them, which S. H. G. and C. J. G. neglected to enter, and in consideration thereof, they gave him their note for the amount of the payment, which he transfered to the company in part discharge of his notes, and which was subsequently taken up by S. H. G.'s substitution of his own note therefor, payable to the company: *Held*—That the note of S. H. G. is not vitiated by the invalidity of the original contract between him and C. J G. and the company, but is founded on a sufficient consideration.

Error to the County Court of Wilcox. Tried before the Hon. D. W. Sterrett.

W. F. GEE for the plaintiff in error, submitted the case on the authority of Smith v. The Ala. Life Ins. & Trust Company, 4 Ala. 558.

No counsel for the defendant.

CHILTON, J.—This was an action of assumpsit, brought by the defendant in error against Sterling H. Gee, the plain-

tiff in error, to recover the amount of a promissory note, executed by him and Charles J. Gee for the sum of two thousand dollars, payable to the said Alabama Life Insurance & Trust Company, dated the 5th of April 1845, due sixty days thereafter and payable and negotiable at the Bank of Mobile. Pleas : 1, non assumpsit ; 2, that the note sued on had been executed in consideration and liquidation of a bond, and mortgage for the security of said bond on certain real estate, specifically named in the plea, said bond being for the sum of ten thousand dollars, payable to said company, in annual instalments of two thousand dollars each, the first due the 19th March 1845, and providing for the payment of interest semiannually at the rate of eight per cent per annum, with the current rate of exchange, &c : That the consideration of said bond and mortgage was the bonds of the said Alabama Life Insurance & Trust Company, payable at ten years, or at some future day in the city of New York, with semi-annual payments of interest at the rate of six per centum per annum, upon the delivery of *coupons* attached to said bond, &c.

This plea was demurred to by the plaintiff, but the demurrer was overruled by the court, and issue was thereupon taken—verdict and judgment for the plaintiff for $2409 99.

Upon the trial, a bill of exceptions was sealed, by which it appears that on the 19th March 1839, C. J. Gee executed to the plaintiff below his bond and mortgage, the consideration of which was the bond of the company. For the payment of this bond C. J. & S. H. Gee afterwards transfered to the company the notes of one B. C. Edmunds, which Edmunds had given them in consideration of the sale of land, and Edmunds subsequently transfered to the company the note of C. J. & S. H. Gee, given by them to him for money, which he, Edmunds, had paid to them on one of the notes transfered by them to the company before the transfer, but which they had failed to credit on the note of Edmunds when they so transfered it. The note in suit was given by the plaintiff in error to the aompany in lieu of the last named note of C. J. & S. H. Gee, which had been transfered to the company by Edmunds. The mortgage and bond made by Gee were cancelled by the substitution of the note of Edmunds, which was secured by a mortgage upon the same lands previously mortgaged to the

company by Gee. The first mortgage it appears was cancelled the 11th May 1844. Upon this state of facts, the defendant requested the court to charge the jury—1. "If they were satisfied from the testimony that C. J. Gee executed a bond and mortgage on the 19th day of March 1839, the consideration of which was the bonds of the company to pay money at a future day, and after the execution of said bond and mortgage, C. J. Gee transfered to the company securities for the payment of the money on Benjamin C. Edmunds in payment of said bond and mortgage, and on the same consideration on which said Gee had executed said bond, &c., that then the contract of transfer and assignment between C. J. Gee and the company for the securities on Edmunds was without any consideration received by Gee from the company and invalid." 2. "If the jury are satisfied from the testimony that C. J. Gee executed a bond and mortgage on the 19th March 1839, the consideration of which was the bonds of the company to pay money at a future day, and that afterwards C. J. Gee transfered to the company securities for the payment of money on B. C. Edmunds, and if Edmunds before such transfer had made payments to Gee on the securities so assigned, which were not credited on said notes, and that Edmunds not insisting on the payment which he had, previous to the assignment, made to Gee, as against the company, had agreed to pay the latter the entire amount of his notes, and Gee, in consideration of Edmunds' promise to the company to pay the money a second time, undertook either to Edmunds or to the company to pay the note sued on, that then Gee's promise is without consideration."

These charges the court refused to give, and this refusal is now assigned for error in this court.

The effort of the counsel in the court below was doubtless to shape his defence so as to bring it within the influence of the principles settled by this court in the case of Smith v. The Alabama Life Insurance & Trust Company, 4 Ala. Rep. 558, upon the authority of which case he now submits the cause without argument. In that case the company had filed a bill to foreclose a mortgage given by Smith upon certain real estate to secure the payment of a bond executed by him to the company, payable by instalments, &c., the consideration of

which was the bonds of the company, payable at a future day, bearing six per cent interest. The question was raised as to the power of the company, under its charter, to make the negotiation, and it was held, that it could not *lend its credit*, by making bonds to fall due in future, and exchange such bonds for the bond of an individual for the same amount; but that the bond so taken was void, and the mortgage being but an incident to the debt of course fell with it.

It is, however, quite a mistake to suppose the case at bar falls within the same category. If the company were seeking to enforce the collection of the bond or the foreclosure of the mortgage, executed to it by Gee on the 19th March 1839, then the principle in the case cited would apply; but so far from this being true, that bond and mortgage have been fully satisfied and cancelled—paid by the transfer on the part of Gee of notes or securities for money on Edmunds. Here the defence sought now to be made ceased, for it is very clear that Edmunds, if sued by the company on his notes, could not have set up the defence that these notes were acquired by the company in satisfaction of a bond and mortgage, purchased by it in exchange for its own bonds in contravention of its charter. He was an entire stranger to this arrangement, having no concern whatever with it, and consequently could take no advantage of it. Conceding that Gee could have insisted on the invalidity of his contract with the company—he did not choose to do so, but affirming the validity of his bond and mortgage, paid and cancelled them by the notes of Edmunds. The latter can take no advantage of a right which Gee has waived.—Brown v. Lipscomb, 9 Porter's Rep. 472; Foster v. Goree, 5 Ala. Rep. 424; Garey v. Colgin, 11 ib. 519; Herbert v. Hanrick, at the present term.

The first charge assumes that the transfer by Gee to the company of the notes on Edmunds in payment of the bonds of Gee, was without consideration and invalid. This cannot be sustained as a legal proposition. Conceding, as we have before stated, that the bond of Gee and the mortgage given for its security could not have been enforced by the company, still there was a strong moral obligation existing on the part of Gee, to pay the debt. He had received the bonds of the company, which were valuable to him, perhaps were but little be-

low par, and having paid his or note or bond, given in exchange for them by the notes of Edmunds, no principle of law would tolerate his recovering back what he had paid, either in a suit for that purpose, or as a set-off, when sued by the company upon a demand not dependent upon the unauthorised act of the company for its consideration. The note in suit was not given for the bonds of the company, nor is it dependent upon the original transaction for its consideration. It was given to the company in lieu of a note payable to Edmunds, and which he had transfered to the company, the consideration of which note was for money paid by Edmunds to Gee, and which the latter thus undertook to refund. The same principle which would forbid that Edmunds, if sued upon the note given by him to Gee, and transfered to the company, should take advantage of the want of consideration as between Gee and the company, equally applies to the suit of the company against Gee on the note payable to Edmunds, or on the note in suit given in lieu of that. It does not lie with Gee to say that Edmunds has transfered his note to the company without consideration, much less should he be allowed to set up such defence after he has taken up the note from the company, thereby recognizing the validity of the transfer by the execution of a new note, payable directly to the company. But we repeat, if this note could be so connected with the original transaction between the company and Gee, as to depend upon it for its consideration, as Gee in the bonds of the company received something valuable, he was placed under a moral obligation to pay, and this obligation furnishes a good consideration to support the express promise now declared on.—See Glass v. Beach, 5 Verm. Rep. 173; Turner v. Patridge, 3 Penn. Rep. 172; Barlow v. Smith 4 Verm. Rep. 144; Clarke v. Herring, 5 Binn. Rep. 33, and authorities cited; 1 U. S. Digest, 103, § 122. See also, Dearing v. Moffitt, 6 Ala. Rep. 776; Windham, use, &c. v. Childress & Skanes, 7 Ala. Rep. 357.

The ruling of the County Court being in conformity with the views above expressed, the judgment is affirmed.