R. B. CROSBY et al. *vs.* WILLIAM COVINGTON et al.

Where a petition is filed in the probate court by a distributee against the administrator and the other distributees of an estate, to compel distribution, it should either show a final settlement of the estate, or aver that the petitioner has executed a refunding bond, as required.

To constitute an advancement, the father must divest himself of all interest in the property the heir receives.

The particular circumstances of this case would seem to demand an investigation by a jury.

ON appeal from the probate court of Clarke county; Hon. A. McLendon, judge.

The facts will be found in the opinion of the court.

*T. Anderson,* for appellees.

*S. A. D. Steele,* on the same side.

Mr. Justice FISHER delivered the opinion of the court.

The appellees, as heirs at law and distributees of the estate of John Crosby, deceased, filed their amended petition in the probate court of Clarke county against R. B., John, and Susan Crosby, as administrators of the estate of the said intestate, and against said parties, William Crosby and Elizabeth Cage, as co-distributees of said estate, alleging there was a large estate in money and personal property in the hands of the said administrators, yet to be distributed; and that the several defendants had received from the deceased personal property and money, by way of advancement; and praying that distribution might

be made by the administrators, and that the several co-distributees bring into hotchpot the said advancements.

The administrator filed a demurrer to the petition, and alleged as a principal cause, that the petition did not offer to execute a refunding bond by the petitioners, nor aver a final settlement of said estate ; which demurrer was overruled by the court.

This was a fatal defect in the petition, and the demurrer should, therefore, have been sustained.

The petition, however, as to the other object, to compel the distributees to bring into hotchpot the advancements made to them, may be considered as sufficient. But the main allegations are denied, and are wholly unsustained by legal evidence.

It is true, advancements for very inconsiderable amounts are admitted ; but it is quite evident that the petitioners, or their counsel in the court below, did not discriminate between advancements and debts due by some of the parties to the deceased. The petitioners, when they attempt to specify the property or money advanced, set forth that William Crosby received the sum of $1,300 for his father, which he failed to pay over. If this fact be true, it certainly made the son the father's debtor, but did not constitute an advancement, unless the father made a gift of the money to the son. To constitute an advancement, the father in his lifetime must divest himself of all interest in the property. It is not pretended that the deceased gave or released this debt to his son. It was, therefore, no advancement, but a debt due to the intestate, which it was the duty of the administrators to collect. The same may be said as to the proof introduced to establish advancements to the other distributees. If it establish any thing, it merely shows the parties to be debtors of the deceased.

We do not consider it important, whether the court erred or not in refusing the application of the defendants below for an issue to the circuit court, to ascertain the extent of the advancements made. If, however, the question was one under the pleadings proper for the probate court to try, the peculiar circumstances of this case certainly demanded the investigation of a jury, as the property alleged to have been given consisted

principally of cattle, which cannot be returned. Two questions, therefore, are necessarily involved. 1. Whether the gifts were actually made; and, 2. The value of the articles at the time given. These facts have to be arrived at from vague circumstances, and the memory of witnesses who must speak as to trivial transactions which took place many years since. The case is one, therefore, which falls peculiarly within the province of a jury.

As to the other question, the action of the court in setting aside the award, it is apparent that the arbitrators made one or two mistakes as to the advancements. The defendants themselves admitted gifts from their father of small amounts, and these should have been considered by the arbitrators.

Upon the whole case, however, as presented by the petitions, demurrer, answers of the parties, and proofs, we are of opinion, that the decree is manifestly wrong, and must be reversed. The cause, however, will be remanded, for further proceedings in the probate court, if the petitioners desire it.

Decree reversed, and cause remanded.