## SHOCKEY ET AL. *v.* MILLS ET AL.

### No. 7074.

EVIDENCE.—*Testimony of Party as to his Intent.*—On the trial of an action in attachment, it is competent for the defendant to testify as a witness in his own behalf, as to his intent in regard to the transaction in question.

WITNESS.—*Leading Questions.*—*Discretion of Court*—The permission of leading questions to a witness is much in the discretion of the trial court, and the Supreme Court will not reverse a case upon that ground, unless it appears that there has been a clear abuse of that discretion, whereby the opposite party has been injured.

PROMISE.—*Revival of Debts Discharged by Bankruptcy*—*Instruction.*—An instruction, that, to revive a debt discharged by bankruptcy, there must be an express, clear, distinct and unequivocal promise to pay such debt, in contradistinction to a promise implied from an acknowledgment of the justness or existence thereof, and that the mere expression of an intention to pay the debt is not sufficient, is correct.

From the Grant Circuit Court.

*G. T. B. Carr, J. F. McDowell* and *G. L. McDowell,* for appellants.

*I. Van Devanter, J. W. Lacey, R. W. Bailey* and *A. Diltz,* for appellees.

WORDEN, J.—This action was commenced by Daniel Shockey against the appellee Mills, on a promissory note executed by the latter to the former. At the instance of Shockey, a writ of attachment was issued in the cause, and effects of Mills were seized by the sheriff.

Afterward James S. Shively became a party to the action, and filed his complaint against Mills in two paragraphs: the first upon a note executed by Mills to Shively, and the second upon an account alleged to have accrued from the defendant to James S. and Marshall T. Shively, it being alleged that the latter had assigned his interest in the account to the former; and the latter was made a party to answer as to his interest.

The defendant answered in each of the cases, first, by

denial of the matters alleged in the respective complaints and affidavits for attachment; and, second, discharge in bankruptcy. Replication in each case of new promises.

Trial by jury, verdict and judgment for the defendant.

The errors assigned are as follows:

" 1. The court erred in overruling the motion for a new trial.

" 2. The respective second paragraphs of defendant Mill's answers do not contain facts sufficient to constitute a defence."

The second error assigned is not insisted upon, and we pass it.

There are two points made on the motion for a new trial: First, it is claimed that the court admitted improper testimony; and, Second, that an instruction to the jury was wrong.

A bill of exceptions shows that the defendant testified as a witness on his own behalf; and, in reference to his testimony, the bill shows the following questions, answers, objections and exceptions:

" ' Ques. 1. When you had your sale and left this county for Alabama, did you do so with the intent to cheat, hinder, delay or defraud any of your creditors?'

" The plaintiffs objected to the question because it was leading. Before the court could rule upon the point, the same counsel then said, directing his remarks to the said witness, Mills:

" ' How about that in regard to your intent?'

" The plaintiff again objected, stating that the gentleman could not by such means evade the objection to the question [as] leading; that it was still leading, as much so as before, and for that reason objected; and made the further objection, that, even if it were not leading, it was objectionable, because he could not give his secret intentions; his intentions were matters for the jury to determine from all

the evidence in the case, his acts and all the circumstances surrounding the case.

"The court overruled the objections, and ordered the witness to answer, to which ruling the plaintiffs at the time excepted, and thereupon the witness answered.

"'No, sir; I had no such intent.'

"The plaintiffs objected to the answer, for the same reason. Objections overruled, and plaintiffs excepted.

"Thereupon the same counsel propounded the following question :

"'Ques. 2. What was your object and intent in leaving the property you did, when you left?

"Ans. 2. To pay my debts. I left plenty of property to pay my debts, and more, including that attached, and the notes given up on the attachment.'

"To the question and answer thereto, at the time of each, the plaintiffs objected for the same reason as to questions and answer No. 1. Objections overruled,"etc.

It is insisted by counsel for the appellants, that it was not competent for the defendant to testify to his intentions ; but we are of a different opinion.

In the case of *The City of Columbus* v. *Dahn*, 36 Ind. 330, some authorities upon this point were collected, but it was not there decided. In the later case of *Greer* v. *The State*, 53 Ind. 420, it was held, that a person indicted for an assault and battery, with intent to commit a rape, might testify as to what his intention was in the commission of the assault and battery. In that case it was said, quoting from *Thurston* v. *Cornell*, 38 N. Y. 281, that "the law is now well settled, under the rule admitting parties to testify in their own behalf, that, where the character of the transaction depends upon the intent of the party, it is competent, when that party is a witness, to inquire of him what his intention was."

So, in the case of *White* v. *The State*, 53 Ind. 595, it

was held, that, on an indictment for larceny, it was competent for the defendant to testify as to what his intention was at the time the goods, with the larceny of which he was charged, came into his possession.

The rule is quite as applicable to civil as to criminal cases.

The same rule prevails elsewhere. Thus, it was said in the case of *Watkins* v. *Wallace*, 19 Mich. 57, 76, that " It is alleged as error that the court allowed the assignor to answer what his intentions were in making the assignment. The main inquiry in the case was concerning this intention. Intention is generally proved by circumstances, because usually there is no other mode of proof. But when the only person who knows the fact is accessible as a witness, his answer must necessarily be more direct evidence than any other; and if there is any reason to suspect his candor, the jury can make all the allowances called for by his position and demeanor. The evidence was admissible."

See, also, the case of *Miner* v. *Phillips*, 42 Ill. 123.

But the appellants object that the leading character of the first question made the admission of the answer fatally erroneous. The permission of leading questions to a witness is much in the discretion of the trial courts, and it would require a clear case of the abuse of that discretion to justify a reversal on that ground. It should be made to appear that the opposite party was injured thereby, which does not appear in this case.

Besides all this, had the entire evidence above set out been incompetent, we do not see how the appellants could have been injured by its introduction. The evidence had reference solely to the attachment proceedings; and, as the plaintiffs failed to establish their alleged debts against the defendants, the attachment proceedings against him necessarily fell.

We pass to the other point on which a new trial was asked.

The court gave to the jury the following instruction, to which exception was taken :

" The promise, by which a discharged debt is revived, must be clear, distinct and unequivocal. There must be an expression by the defendant of a clear intention to bind himself to the payment of the debt. The new promise must be distinct, unambiguous and certain. The expression of an intention to pay the debt is not sufficient. There must be a promise before the debtor is bound. An intention is but the purpose a man forms in his own mind; a promise is an express undertaking or agreement to carry that purpose into effect, and must be express, in contradistinction to a promise implied from an acknowledgment of the justness or existence of the debt."

This charge, as applied to the case, viz., debts discharged by bankruptcy, we think is entirely correct; and it is supported by the authorities. Blumenstiel Law & Practice in Bankruptcy, pp. 551-2 ; Bump Bankruptcy, 9th ed., p. 748, and following.

There is no error in the record.

The judgment below is affirmed, with costs.