Hubbard, Administrator, v. Farrell.

———————————

No. 10211.

HUBBARD, ADMINISTRATOR, v. FARRELL.

BANKRUPTCY.—*New Promise.*—*Finding.*—*Supreme Court.*—A new promise, in order to revive a debt discharged by bankruptcy, must be clear, unequivocal and express. This message was sent by the bankrupt to his creditor: "Tell him I intend to pay him." Which message the creditor received.

*Held,* that the Supreme Court would not disturb a finding that there was a new promise.

SAME.—*Administrator.*—*Surprise.*—*Evidence.*—*New Trial.*—An administrator, availing himself of his intestate's discharge in bankruptcy as a defence, without pleading it, can not be surprised by evidence in support of a new promise, so as to get a new trial for that reason.

From the Bartholomew Circuit Court.

*W. F. Norton* and *S. W. Smith,* for appellant.

*J. C. Orr,* for appellee.

BLACK, C.—The only alleged error is the overruling of a motion for a new trial, the action being upon a claim in favor of the appellee against the estate of Charles A. Hubbard, deceased. The first four of the six causes stated in the motion presented, in different forms, the question whether the finding was sustained by sufficient legal evidence. The appellee proved on the trial that two judgments were rendered before a justice of the peace in actions upon promissory notes against said Charles A. Hubbard, and that the appellee became replevin bail on each of said judgments on the 1st of August, 1877, and as such paid them in September, 1878.

The appellant then proved the discharge of his intestate in bankruptcy in 1879 from all provable debts and claims existing on the 22d of August, 1878, the date of the filing of his petition to be adjudged a bankrupt. Thereupon the appellee introduced as a witness one Jonas P. Brinkley, who testified as follows, as shown by the bill of exceptions:

"About one year, or one year and a half ago, I went into the store where the decedent was and had a talk with him; and, nigh as I can remember, he said to me, 'I have got my house' or 'mill back;' my opinion is he said the mill; that 'some people are not as smart as they thought they were; I will be all right yet; there are but two men on my paper, and one is Lewis Farrell, and the other is James W. Perkinson; I want you to go and tell Lewis Farrell I intend to pay him, and to keep still and say nothing;' and insisted I should tell Lewis. He did not refer to what paper it was, nor what he intended to pay Farrell; I told Lewis Farrell some days afterward; don't know just how long after or when, but I told him."

The only important question in the case is whether the testimony of this witness authorized the court, sitting as a jury, to find that the bankrupt made a new promise to pay the debt. In *Shockey* v. *Mills*, 71 Ind. 288 (36 Am. R. 196), the following instruction to the jury, in relation to a promise to pay a debt discharged by bankruptcy, was held to be correct, and was said to be supported by the authorities:

" The promise, by which a discharged debt is revived, must be clear, distinct and unequivocal. There must be an expression by the defendant of a clear intention to bind himself to the payment of the debt. The new promise must be distinct, unambiguous and certain. The expression of an intention to pay the debt is not sufficient. There must be a promise before the debtor is bound. An intention is but the purpose a man forms in his own mind ; a promise is an express undertaking or agreement to carry that purpose into effect, and must be express, in contradistinction to a promise implied from an acknowledgment of the justness or existence of the debt."

It must be borne in mind that the court below passed upon the evidence as a jury, and that with the rightful province of a jury this court can not interfere. If the words used by the bankrupt were capable of being construed as a promise, it was for the court acting as a jury to determine whether by those words he intended to promise to pay the debt. *Pratt* v. *Russell*, 7 Cush. 462; *Bennett* v. *Everett*, 3 R. I. 152.

No precise form of words is required to make a new promise. A declaration by the bankrupt that he is able and willing to pay the debt amounts to an express promise to pay it. *Evans* v. *Carey*, 29 Ala. 99. See, also, *Dearing* v. *Moffitt*, 6 Ala. 776; *Harris* v. *Peck*, 1 R. I. 262. The circumstances under which the words were used, and all the language of the parties, may be taken into consideration to determine the meaning of the bankrupt. Looking as an appellate court at the evidence, we can not say that under proper instructions from the court a jury might not have found that the bankrupt intended by his language to promise the appellee to pay the debt.

The fifth cause stated in the motion for a new trial was, that " the court erred in permitting, over the objection of the defendant at the time, the witness Jonas P. Brinkley to testify." It is sufficient to say of this cause that it does not appear that any objection or exception was taken to the action of the court in permitting this witness to testify, or to any portion of his testimony.

As the sixth cause, the appellant sought to show that he was surprised by the testimony of the witness Brinkley. Having availed himself of his privilege, under the statute relating to the settlement of the estates of decedents, to prove the decedent's discharge in bankruptcy, without pleading it, the appellant had no right to profess surprise at the introduction of evidence to prove a new promise. The evidence was competent and legitimate under the issues, and such as might reasonably have been expected. *Pauley* v. *Short*, 41 Ind. 180; *Brownlee* v. *Kenneipp*, 41 Ind. 216; *Chamberlain* v. *Reid*, 49 Ind. 332; *Humphreys* v. *State, ex rel.*, 75 Ind. 469.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at appellant's costs.