Filed Nov. 6, 1885.

———————

No. 11,810.

## MEECH v. LAMON.

NEW PROMISE.—*Revival of Debt Discharged by Bankruptcy.*—The promise, by which a debt discharged by bankruptcy proceedings is revived, must be express, clear, distinct and unequivocal, in contradistinction to a promise implied from an acknowledgment of the justness or existence of the debt.

SAME.—A promise, in these words: "I do not intend you shall lose it, I will make it all right," is not a sufficient new promise to revive a debt discharged by bankruptcy. *Hubbard* v. *Farrell*, 87 Ind. 215, criticised.

From the Grant Circuit Court.

*B. M. Cobb* and *C. W. Watkins*, for appellant.

*J. B. Kenner, J. I. Dille* and *L. M. Ninde*, for appellee.

NIBLACK, J.—Prior to 1873 one Corey owned a tract of land in Huntington county, and while such owner he executed a mortgage upon it to one Haynes. Afterwards William H. Meech, the appellant in this cause, became the owner of the same tract of land as the remote grantee of Corey. During the year 1873 Meech sold and by warranty deed conveyed the land to William Lamon, the appellee. In December, 1877, Haynes commenced an action in the Huntington Circuit Court against Lamon to foreclose his mortgage, and thereafter obtained a decree of foreclosure and an order for the sale of the land. In March, 1879, the land was sold at sheriff's sale, and Haynes became the purchaser, receiving a sheriff's deed therefor after the expiration of a year from the time of his purchase.

This action was commenced by Lamon against Meech in October, 1881, for a breach of the covenants contained in the latter's deed.

Meech answered that on the 30th day of April, 1878, he was adjudged a bankrupt, and on the 31st day of December, 1879, had received his final discharge in bankruptcy.

Lamon replied an express promise by Meech to pay the damages he had sustained after the latter's discharge in bankruptcy.

A jury returned a general verdict in favor of Lamon, and answered special interrogatories as follows:

"*First.* When was the new promise made, if any, to pay the indebtedness in suit? Answer. Promise made after defendant filed his petition in bankruptcy.

"*Second.* What was the precise language of the new promise? Answer. 'I do not intend you shall lose it; I will make it all right.'

"*Third.* To whom were the words spoken? Answer. They were spoken to the plaintiff in the presence of L. P. Milligan."

The bill of exceptions shows that these interrogatories were properly submitted to the jury by the court, and that is sufficient to establish the fact here that they were so submitted.

Meech moved for judgment in his favor upon the answers to the special interrogatories, notwithstanding the general verdict, but his motion was overruled. He then moved for a new trial upon the ground, amongst others, that the evidence was insufficient to sustain the verdict, but that motion was also denied.

In the case of *Shockey* v. *Mills*, 71 Ind. 288 (36 Am. R. 196), this court held, in general terms, that the promise by which a discharged debt is revived must be clear, distinct, and unequivocal, as well as certain and unambiguous; that there must be an expression by the discharged debtor of a clear intention to *bind* himself to pay the debt; that the expression of an intention to pay the debt is not sufficient; that

Meech v. Lamon.

there must 'be an actual promise before the debtor is bound; that an intention is but the purpose which a man forms in his own mind; that a promise is an express undertaking or agreement to carry the purpose thus formed into effect, and that a promise to revive a discharged debt must be express, in contradistinction to a promise implied from an acknowledgment of the justness or existence of the debt.

In the case of *Allen & Co.* v. *Ferguson,* 18 Wall. 1, the facts were, that Ferguson, who was a citizen of the State of Arkansas, had previously to the 7th day of January, 1868, filed his petition in bankruptcy, and on that day, which was while the proceedings were pending upon his petition, he wrote to Allen & Co., the holders of a promissory note executed by him, a letter giving a statement of his business affairs, and of the causes which had led to his applying for the benefit of the bankrupt act. In that letter he said: "Be satisfied; all will be right. I intend to pay all my just debts, if money can be made out of hired labor. Security debt I can not pay." Adding in a postscript: "All will be right betwixt me and my just creditors." Ferguson in due time received his discharge in bankruptcy. Allen & Co. afterwards sued him in the circuit court for the Eastern District of Arkansas upon the promissory note which they held against him. Ferguson appeared and pleaded his discharge in bankruptcy in bar of the action. Allen & Co. replied a new promise in writing, setting out and relying upon Ferguson's letter of January 7th, 1868, above referred to, as containing and amounting to such a new promise.

A demurrer was sustained to the replication, and, upon an appeal to the Supreme Court of the United States, it was held that the debt was not revived by Ferguson's letter; that the supposed promise contained in it was not sufficiently clear, distinct and unequivocal to operate as a revival of the debt. The doctrine of this case is fully sustained by Blumenstiel Bankruptcy, 552, and by Bump Bankruptcy, 748, and the cases respectively cited by those authors.

We think the general purport of the assurances given by Meech to Lamon in this case were no stronger than those given by Ferguson to Allen & Co., and are hence of the opinion that the circuit court erred in refusing to render judgment in favor of Meech, notwithstanding the general verdict.    If the case rested here primarily upon the refusal of the circuit court to grant a new trial, we would feel constrained to hold that the verdict was not sustained by the evidence. The finding as to the exact words which constituted the supposed new promise did not embrace all the words uttered by Meech at the time to which the finding referred, and which had reference to the amount of purchase-money which Lamon had paid for the land.

The evidence showed that Meech added to the words quoted in the finding, "But I can't do anything now," and these additional words served to modify and to limit the import of those which immediately preceded them.    But as Meech became entitled to a judgment in his favor on the answers to the special interrogatories, there is no sufficient reason for requiring him to incur the hazard of a new trial.

The judgment is reversed with costs, and the cause is remanded with instructions to the court below to enter judgment in favor of Meech upon the answers to the special interrogatories notwithstanding the general verdict.

Filed May 26, 1885.

## ON PETITION FOR A REHEARING.

NIBLACK, J.—A petition for a rehearing has been filed on behalf of the appellee, controverting the conclusion reached by us at the former hearing, and insisting that both the arguments used and the inferences drawn in support of that conclusion are against the weight of authority, and especially inconsistent with the doctrine of the recent case of *Hubbard* v. *Farrell*, 87 Ind. 215.

Upon a recurrence to, and a further examination of, the the case of *Hubbard* v. *Farrell*, *supra*, we feel constrained to

Meech *v.* Lamon.

admit that the doctrine of that case does not support the conclusion at which we arrived in this case, and that the inconsistency between the two cases is of a character which ought not to be perpetuated by further inadvertence on our part.

As a result of a further examination of both cases, we feel further constrained to hold that the case of *Hubbard* v. *Farrell*, in question, is not in full accord with the best approved cases on the subject of the revival of debts discharged by proceedings in bankruptcy, and is consequently a case which ought not to be closely followed as a precedent in every point ruled upon by it. It recognizes too liberal a rule in the construction of supposed promises relied on for the revival of debts against a discharged bankrupt.

The original opinion in this case has the further support of the recent and well considered case of *Elwell* v. *Cumner*, 136 Mass. 102, and is, we feel reassured, in harmony with the general current of the authorities bearing upon the same subject.

We are requested by counsel for the appellee, in the event that we still adhere to the opinion that the judgment in this case ought to be reversed, that we will reverse it upon the evidence, and remand the cause for a new trial so as to afford the parties another and better opportunity of contesting the matters in issue between them at the former trial.

The appellee presumably opposed the granting of a new trial in the court below. He is consequently not now in a position which entitles him to insist that the cause ought to be remanded for a new trial. Besides, there is nothing in the record which gives assurance that a new trial would probably, and at the same time rightfully, reach a result different from that which we have ordered to be consummated upon the answers to the interrogatories accompanying the general verdict.

The petition for a rehearing is overruled.

Filed Nov. 5, 1885.