Joyce *et al. v.* Hamilton *et al.*

No. 12,262.

JOYCE ET AL. *v.* HAMILTON ET AL.

**ADVANCEMENT.**— *What Constitutes.*—*Real Estate.*—To constitute an advancement the ancestor must, in his lifetime, divest himself of all interest in the property set apart to the heir.

**SAME.**— *Possession of Property by Heir.*—*Improvements.*—*Intention.*—*Different Disposition by Ancestor.*—Where, by the direction and with the consent of the owner, his daughter and her husband enter into the possession of a tract of land, and with his knowledge make lasting and valuable improvements, it being the father's intention that they shall reside thereon during his life, receive the proceeds, keep up repairs and pay taxes, and at his death the daughter to take a life-estate, with remainder to her children, there is no advancement, and the ancestor may make a different disposition from that intended.

**SAME.**—*Evidence.*—*Declarations of Ancestor as to Intention.*—In an action by the daughter to quiet title, evidence of declarations made by her father, previous to the time she took possession, showing an intention different from that asserted in the plaintiff's behalf, is admissible.

From the Rush Circuit Court.

*G. H. Puntenney, A. B. Irvin, J. Q. Thomas* and *J. J. Spann,* for appellants.

*B. L. Smith, C. Cambern* and *T. J. Newkirk,* for appellees.

NIBLACK, J.—Complaint by Mary B. Joyce and John F. Joyce, her husband, against Martha J. Hamilton and Rebecca Hamilton, to quiet title to a tract of land in Rush county.

The complaint was in four paragraphs, but the first and second were withdrawn before the cause was tried. The third paragraph averred that the plaintiff Mary B. Joyce was the daughter of one Francis M. Hamilton, who had died testate; that in May, 1880, the decedent was the owner of the land in controversy, particularly describing it, and that he then gave it to her, the said Mary B. Joyce, as an advancement out of his estate; that soon afterwards the plaintiffs, with the knowledge and consent of the decedent, went into the possession of said tract of land, and had ever since continued in such possession, having in the mean time paid the taxes and made valuable and lasting improvements on

the same; that afterwards, on the 21st day of March, 1883, the decedent, being still in life, conveyed said tract of land, in consideration of natural love and affection, to the defendants; that the defendant Martha J. Hamilton was then the decedent's wife, being his second wife; that the defendant Rebecca Hamilton was the mother of the decedent; that such conveyance was a cloud upon the title of the plaintiff Mary B. Joyce, which, it was demanded, should be quieted.

The fourth paragraph was substantially similar to the third, except that it averred that the land was advanced to both of the plaintiffs.

The court, after having heard the evidence, made a special finding of the facts, which was to the effect that the said Mary B. Joyce was the daughter of the said Francis M. Hamilton, who died testate, on the 8th day of June, 1883; that the said Francis M. Hamilton was, for some time before his death, the owner of a large amount of real estate in said county of Rush, of which the tract of land described in the complaint constituted a part; that by the direction and with the consent of the said Francis M. Hamilton, the said Mary B. Joyce, with her husband, the said John F. Joyce, had, on or about the 1st day of March, 1881, entered into the possession of said tract of land, and had ever since continued in the possession thereof; that the plaintiffs had previously, that is to say, during the fall of 1880, sowed wheat on said tract of land; that at the time the plaintiffs moved onto the land, it was the intention of the said Francis M. Hamilton that the said Mary B. Joyce should, with her husband, reside thereon as long as he, the said Francis M. Hamilton, might live, and that at his death she should take a life-estate in the land, and that at her death the same should become the property of her children begotten in wedlock, and that should she die without leaving such children, the land should go to her heirs of the same blood; that during the lifetime of the said Francis M. Hamilton, she, the said Mary, should keep the said land in repair and pay the taxes thereon, and

receive the proceeds thereof; that while the said Mary B. Joyce and her husband were in possession of the land, during the lifetime of the said Francis M. Hamilton, and with his knowledge, they made lasting and valuable improvements on the same, by repairing and adding to the dwelling-house, building fence, blowing out stumps and planting fruit trees, the value of such improvements ranging from $250 to $300; that, on the 21st day of March, 1883, the said Francis M. Hamilton, by his warranty deed, conveyed the tract of land in dispute to the defendants, one of them being his wife and the other his mother, as alleged in the complaint; that said conveyance was made without any valuable consideration and without the knowledge or consent of the plaintiffs.

From the facts thus found the court came to the conclusion that the plaintiffs were not entitled to the relief demanded, and over exceptions reserved and a motion for a new trial, judgment was accordingly awarded in favor of the defendants.

The facts as thus found by the court did not support the averment that Francis M. Hamilton had, in his lifetime, advanced the land in controversy to Mrs. Joyce. Nor did they establish a binding obligation on him either to convey or devise the land to her. There is an essential difference between an expressed intention to do a given thing and an absolute undertaking to do it. *Shockey* v. *Mills*, 71 Ind. 288 (36 Am. R. 196); *Meech* v. *Lamon*, 103 Ind. 515 (53 Am. R. 540).

The fair inference from the facts in question is, that, after the plaintiff went into the possession of the land, the ancestor, Hamilton, changed his mind as to the ultimate disposition he wished to make of the property, and that he accordingly made a disposition of it different from that which he intended when he permitted the plaintiff to take possession. There is nothing in the special finding justifying the conclusion that he, the ancestor, ever parted either with the title or the control of the property until he conveyed it to

the defendants. To constitute an advancement, the ancestor must, in his lifetime, divest himself of all interest in the property set apart to the heir. *Crosby* v. *Covington,* 24 Miss. .619; *Smith* v. *Smith,* 5 Vesey, 721; Williams Exec. 1501.

In the introduction of their evidence, the plaintiffs did not confine themselves to any definite or distinct contract with Francis M. Hamilton as to the terms and conditions upon which they entered upon and occupied the land in suit, but relied on proof of various conversations, in the nature of admissions, which the said Hamilton had with different persons, the first conversation referred to occurring in the spring of 1880, and the last some time after the plaintiffs obtained possession of the land, which was in the spring of 1881, as stated.

One Newkirk was called as a witness by the defendants, and, over the objection of the plaintiffs, testified to a conversation which he claimed to have had with Hamilton in December, 1880, or January, 1881, in which the latter stated his intentions in regard to the land in litigation, and the object he had in view in permitting the plaintiffs to take charge of it, differently, in some essential respects, from his declarations on the same subject as sworn to by some of the witnesses for the plaintiffs. The ground of objection to Newkirk's testimony was, that, as there was evidence tending to show that some kind of an agreement concerning the land had been reached as early as the month of May previous, and as the plaintiffs had before that time sowed wheat on the land, the admissions and declarations of Hamilton, made at so late a period, were inadmissible to impair the claim of the plaintiffs to an absolute title to the land. But, as has been seen, the time referred to by Newkirk was within the period covered by the witnesses for the plaintiffs, and was anterior to the time at which the plaintiffs came into possession. The plaintiffs, consequently, had no reason to complain of the admission of Newkirk's testimony. If Hamilton had pre-

viously conveyed the property to the plaintiffs, a different rule would prevail. *Harness* v. *Harness,* 49 Ind. 384; *McFerran* v. *McFerran,* 69 Ind. 29.

The death of Rebecca Hamilton having been suggested, it is ordered that judgment be entered as of the May term, 1885, during which this cause was submitted.

The judgment is affirmed, with costs.

Filed May 26, 1887.