### GRAHAM PAPER CO. v. WILLIAMS.
#### (No. 759.)

(Court of Civil Appeals of Texas. Amarillo. April 3, 1915.)

CONTRACTS ⬗1—"PROMISE"—CONSTRUCTION.

A buyer of corporate property, who notifies an unsecured creditor of the corporation thereof, and who states that he believes that within a few days he will be able to offer the creditor a settlement in full and that he will write again as soon as he can tell anything definite, does not thereby promise to pay the corporate debt; for a "promise" is an express undertaking or an agreement to carry a purpose into effect, and the expression of an intention to do a thing is not a promise to do it (citing Words and Phrases, Promise).

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1; Dec. Dig. ⬗1.]

Appeal from Potter County Court; W. M. Jeter, Judge.

Action by the Graham Paper Company against W. J. Williams. From a judgment for defendant, plaintiff appeals. Affirmed.

W. E. Gee, of Amarillo, for appellant. Synnott & Underwood, of Amarillo, for appellee.

HALL, J. Appellant filed this suit against appellee upon an account originally made by the Amarillo Publishing Company. This appeal is from a judgment sustaining a general demurrer to the petition. The written promise alleged to have been made by appellee to pay the account is claimed to be in the following letter:

"Replying to your telegram of this morning, I will say that on June 4th, the Amarillo Daily News was sold out under mortgage sale for about one third the amount of the mortgage and to protect myself as much as possible, I bought the institution. There is only about $300.00 more of debts unsecured and it is my intention to take care of these as rapidly as I am able. Some of the stockholders have been threatening to bring an action to set aside the sale but I believe I can prevent that as I have gotten control of the balance of the claim under the mortgage and believe that within a few days I will be able to offer you a settlement in full, if I can make an arrangement with you to give me some time to get straightened out and running. I am getting the expenses within the receipts and hope to soon have it doing some good. My attorney advises me not to attempt to make any settlement until I am reasonably certain to be out of danger of a contest, as I would be personally liable, even though the company retained the property. Will write you again as soon as I can tell anything definite."

In our opinion, there is nothing in this letter which can be construed as a promise to pay the debt at all, and certainly appellee could not be held upon any promise therein to pay the debt of a third party. A mere intention to pay unsecured debts whenever the writer is able, and an intimation that he would be able to offer appellant a settlement in full, if he can make arrangements for time and can get the business straightened out and running, is not a promise to pay. The last sentence, in which he says, "Will write you again as soon as I can tell anything definite," negatives the contention that the writer intended to bind himself by anything contained in the letter.

"The intention necessary on the part of a debtor in binding himself to the payment of a debt is the purpose the man forms in his own mind, and the promise is an express undertaking or agreement to carry that purpose into effect, and the simple expression of the intention to pay the debt is insufficient. Shockey v. Mills, 71 Ind. 288, 36 Am. Rep. 196, and note.

"An intention is but the purpose a man forms in his own mind. A promise is an express undertaking or agreement to carry the purpose into effect. The intention may begin and end with the person who forms it. The expression of an intention to do a thing is not a promise to do it. Conversations made by a bankrupt after his discharge, in which he declares his intention to pay a certain debt, do not amount to a promise binding on the bankrupt. Steward v. Reckless, 24 N. J. Law (4 Zab.) 427." Words and Phrases, vol. 6, p. 5675.

The petition does not allege that appellee ever received any of the paper sold to the Amarillo Publishing Company, nor any other consideration for the alleged verbal promise; neither is it shown that appellee ever wrote any other letter with reference to the matter, nor that appellant ever accepted any proposal alleged to have been made.

The judgment is affirmed.