## S. S. WALKER ET AL. V. J. N. PITTMAN ET AL.

Delivered March 5, 1898.

1. **Evidence—Transaction with Decedent.**

The testimony of a party in trespass to try title that he saw the deed in controversy from the ancestor of the adverse parties in possession of the grantee named therein, and that the latter gave him (the witness) the deed, does not relate to a transaction with or statement by the deceased within article 2302, Revised Statutes, making a party incompetent to testify as to transactions with or statements by the decedent in an action to which his heirs or legal representatives are adverse parties.

**2.  Same—Secondary Evidence.**

The testimony of the grantee in a deed that he was informed by a person with whom he had left a trunk in which the deed was deposited that the trunk and its contents were burned, is sufficient evidence of the destruction of the deed to admit secondary evidence of its contents.

**3.  Trespass to Try Title—Proof by Acts and Declarations—Lost Deed.**

The declarations of the alleged grantee in a lost deed, in connection with improvements that he was making on the land, that he had purchased the land, are admissible in support of the title of persons claiming under him, in connection with evidence that he paid the taxes and otherwise asserted title for a number of years under the alleged conveyance without any objection on the part of the alleged grantor.

**4.  Deed—Proof of Existence Where Lost.**

A finding by the jury that a lost deed was in fact executed by the purported grantor is justified by evidence that the grantor and grantee were neighbors and friends; that the former, before the date of the deed, rendered the land for taxes, and that thereafter the land was assessed in the name of the grantee in the county where they both lived; that the grantee made improvements upon the land and sold the same to a third person and turned the deed over to him as a muniment of title, and that the grantor never claimed the land after the date of the deed, although he lived many years thereafter.

APPEAL from Ellis.  Tried below before Hon. J. E. DILLARD.

*Henderson & Henderson* and *W. J. Rucker*, for appellants.

*Lancaster & Beall*, for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by S. S. Walker for himself and Mary A. Walker, as administratrix of the estate of S. D. Walker, on August 1, 1895, in the usual form of trespass to try title, against J. N. Pittman, to recover 400 acres of land, a part of the Sanders Walker 640-acre survey in Ellis County, Texas.  The petition alleged that S. D. and S. S. Walker were the sole heirs of the patentee, Sanders Walker.

The defendant Pittman having filed a disclaimer as to any interest in the land, plaintiffs amended, making T. J. and Josiah Emery parties defendant.  The Emerys answered first, by plea of not guilty, and further alleging their purchase of the land by a warranty deed, and a chain of title to them by warranty deeds, and making their immediate and remote vendors parties, and asking judgment on their respective warranties in the event of plaintiffs recovering in the case.  They further alleged that Sanders Walker, the ancestor of plaintiffs, during his lifetime executed a deed of conveyance to the land in controversy to W. A. Brown, and that said deed was delivered by said Brown to W. C. Steele, and that while said deed was in the possession of said Steele it was lost and destroyed and burned up by fire, and that defendants can not procure the same or file a certified copy, and they ask that secondary evidence of the existence and contents of said deed be admitted in this cause.

There was a trial with the aid of a jury, and a verdict for defendants

upon which judgment was duly entered. Plaintiffs filed a motion for new trial, which being overruled, they excepted, and prosecute this appeal.

1. Plaintiffs introduced in evidence a patent from the Republic of Texas to Sanders Walker to 640 acres of land in Ellis County, Texas, dated in 1846.

2. A deed dated in 1855 from Sanders Walker to H. Sharp for 240 acres of land, part of the Sanders Walker survey in Ellis County, describing the same by metes and bounds.

3. They proved the death of S. S. Walker, and that plaintiffs were his sole heirs at law.

Defendants introduced (1) a deed from W. A. Brown and wife to W. C. Steele for 400 acres of land out of the Sanders Walker survey in Ellis County, dated in 1856, reciting a consideration paid of $500.

2. General warranty deed from W. C. Steele to F. Cameron to said land, dated in 1872, consideration $2000.

3. Special warranty deed from F. Cameron to J. H. Emery.

4. General warranty deed from K. E. and E. J. Emery to T. J. and J. J. Emery, conveying a one-half interest in the land. J. H. Emery died, unmarried, and K. E., E. J., T. J., and J. J. Emery were his brothers and sole heirs. Defendants also introduced parol evidence of the existence, loss, and contents of a deed from S. S. Walker to W. A. Brown.

Apppellants' several assignments of error challenge the competency and sufficiency of the evidence to show the existence, loss, and contents of said deed to W. A. Brown.

Appellants' first assignment of error reads: "The court erred in allowing W. C. Steele, as witness for defendants, for the purpose of proving a conveyance of the land in controversy by Sanders Walker to W. A. Brown, to testify by depositions which were read to the jury over plaintiffs' objection, that he saw in the possession of W. A. Brown a deed in the usual form to him, W. A. Brown, signed by Sanders Walker, to the land in controversy, and gave its contents; because the said W. C. Steele being a party in said cause, and the said Sanders Walker being the deceased ancestor of plaintiffs under whom they claim title to the land in controversy as heirs, is incompetent to testify to said facts, as the sole and only purpose of said testimony was to prove a transaction between Sanders Walker and W. A. Brown and statements made by Sanders Walker to said W. A. Brown contained in said deed."

Plaintiffs were the heirs of Sanders Walker. W. C. Steele was a remote warrantor in the chain of title through which defendants deraign title. Steele had been made a party to the suit and judgment asked over against him on his warranty by the defendants in the event of a recovery by plaintiffs of the land. Upon the trial the defendants dismissed their suit against all the warrantors, including W. C. Steele. Steele testified: "In the year 1856 I went to W. A. Brown's residence in Limestone County for the purpose of buying 400 acres of land in controversy. I

asked W. A. Brown if he had a good title to the land. He handed me a deed, which I examined carefully, and was satisfied with it. It was a deed from Sanders Walker to W. A. Brown. It was in regular form of a deed, and acknowledged the receipt of $1600—as well as I remember it—as the consideration. It was witnessed by two witnesses, but don't remember who they were. It was acknowledged in proper form before a notary public, but can not remember the notary's name. I bought the 400 acres of land from W. A. Brown. The deed from Sanders Walker to W. A. Brown conveyed the same land that Brown's deed conveyed to me. W. A. Brown gave me the deed from Sanders Walker to himself." Appellants excepted to this testimony, as set forth in the above assignment of error.

Our statute prohibits the introduction of testimony "as to any transaction with, or statement by the testator, intestate or ward, * * * and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent." Sayles' Civ. Stats., art. 2302. It will be seen that the statute denounces "any transaction with, or statement by" the testator or intestate as incompetent evidence. In the case of Martin v. McAdams, 87 Texas, 227, our Supreme Court held that a witness who was a legatee in a will was a competent witness to prove that the will was in the handwriting of the testator. That the making of a will is not a transaction of the testator with the devisees or legatees.

The case of Choate v. Huff, 4 Court of Appeals Civil Cases, section 281, was a suit against Huff and Cole, as executors of Fielding Hill, brought by Choate to recover on a note executed by Hill, deceased. It was held in that case that Choate could testify that he had lost a note which purported to have been signed by the deceased, and given to him, and which was the subject matter of the suit. It was held that this evidence was not "any transaction with, or statement by the testator or intestate." In the case before us the evidence of Steele that he saw in "the possession of W. A. Brown a deed from Sanders Walker to W. A. Brown in regular form to the land in controversy, and that W. A. Brown gave me the deed from Sanders Walker to himself," does not evidence a transaction with or statement by Sanders Walker and W. C. Steele. It but evidences an independent act of Steele in no way connected with the deceased, Sanders Walker. We do not think the evidence was prohibited by the statute, and the court did not err in overruling appellants' exception. Howard v. Galbraith, 30 S. W. Rep., 689; Moore v. Willis, 69 Texas, 109.

Appellants' third assignment of error complains that the court erred in admitting, over the objection of plaintiffs, the testimony of W. C. Steele as to the contents of the deed from Sanders Walker to W. A. Brown, the objection being that there was not a sufficient predicate laid to authorize secondary evidence of the contents of the deed, in that there was no evidence that any search was made for such deed where it would likely be found; that the evidence of its destruction was the evidence of

Steele that Willet Holmes, in whose possession he left his trunk in which he left said deed, and one Lashley at one time told him that said trunk was burned in a sawdust pile, said evidence being hearsay.

There was evidence that in 1861 W. C. Steele had the deed from Sanders Walker to W. A. Brown with his papers in his trunk. He was a single man, and boarded with his friend and partner in business, Willet Holmes. He went to the war in 1861, leaving his trunk containing this deed in the hands of Willet Holmes. Upon his return from the war, in 1864, Willet Holmes told him that his trunk had been burned at the sawmill; that a negro had stolen the trunk and hid it in a pile of sawdust near the sawmill. That the sawmill caught on fire and was burned, and with it the sawdust pile and trunk. He further testified that after receiving this information from Holmes that the trunk had been burned, he received information from a young man named Lashley, but does not remember his given name, that the ribs or bands of his trunk were found at the mill at the pile of sawdust which was burned. Holmes was 60 years old when Steele went to the war, and is now dead. Steele says he has never seen the deed or trunk since, nor has he had any information since that the deed is in existence.

W. P. Brown, a son of W. A. Brown, in whose possession Steele saw the deed from Sanders Walker, testified that W. A. Brown was dead, and that all the papers and deeds of his father were in his possession, and that he had made diligent search for the deed from Sanders Walker, and had failed to find it. There was other evidence that the agents of defendants had made search in the General Land Office and in the county clerk's office and among the records of Robertson, Limestone, and Ellis counties, and failed to find it. That search had also been made among the papers of the several grantors in the chain of title of defendants. Defendants never had seen the deed or had possession of it. Appellants contend that this evidence does not show sufficient search for the deed, and that it does not furnish a predicate for the introduction of parol evidence of its contents.

We think the evidence of the burning of the deed was sufficient. Evidence not as strong as this was held sufficient by the Supreme Court of this State to show the loss of a deed in the case of Parks v. Caudle, 58 Texas, 226. See also Clifton v. Lilly, 12 Texas, 130; 1 Greenl. on Ev., sec. 558.

Appellants' fourth assignment of error complains of the action of the court in overruling plaintiffs' exception to the testimony of W. P. Brown, a son of W. A. Brown, as follows: "I knew W. A. Brown claimed the land in controversy; don't know how long after 1853 he still claimed it. During the time W. A. Brown was claiming the land, Sanders Walker lived two miles north of Springfield; W. A. Brown did not at any time make any secret or concealment of his ownership of the Ellis County land; he had no occasion to do so. I think I remember hearing W. A. Brown speak of moving on the land to make his home there; I remember soon after the purchase of this land from Walker that he cut a number

of cedar logs, which I then understood from him were to be used in the erection of a dwelling-house on the Ellis County land, there being no cedar timber on the land. I do not know why he did not carry out his intentions of moving on the land; I only know that my father told me that he purchased the land."

The objection to this testimony was that it was hearsay, and the self-serving declarations of W. A. Brown to show title in himself, and not shown to have been made in the hearing of Sanders Walker. The exceptions were overruled, and plaintiffs excepted.

There was other evidence showing that the land was assessed in the name of Sanders Walker from 1851 to 1854. In the year 1855 it was assessed in Limestone County in the name of W. A. Brown. From 1856 to 1868, inclusive, it was assessed in Ellis County in the name of W. C. Steele. There is evidence tending to show that W. A. Brown in 1855 hauled cedar logs from Limestone County to the land preparatory to improving the same. At this time Brown and Sanders Walker were near neighbors and intimate friends. Sanders Walker died in 1887. It does not appear that Sanders Walker or his heirs asserted title to the land from 1854 to 1894. Sanders Walker was a man who looked closely after his business interests. Steele paid the taxes from 1856 to 1861, and from 1865 to 1872, inclusive. In view of these facts we do not think the court erred in admitting the evidence complained of in the fourth assignment of error. McDow v. Rabb, 56 Texas, 168; Wells v. Burt, 22 S. W. Rep., 419; Johnson v. Lyford, 9 Texas Civ. App., 85; Hickman v. Gillman, 66 Texas, 314.

The matters complained of in appellants' fifth, sixth, and seventh assignments of error relate to matters of practice in the trial court, and are largely within the discretion of the court. It not appearing that appellants have been harmed by the matters complained of, these assignments are overruled.

The eighth and ninth assignments of error are not well taken, and are overruled, for the reasons stated for overruling the first and second assignments.

We do not think the charge complained of in the tenth assignment of error should have been given. But upon a careful examination of the record, we fail to see wherein appellants could have been injured by the giving of the same, and hence the giving of the same, if error, was harmless.

The court did not err in giving the charge complained of in the eleventh assignment of error. If the main charge was not sufficiently specific, appellants should have presented a special charge calling the court's attention to the issue which they desired specially passed upon by the jury.

Appellants' thirteenth assignment of error complains of the refusal of the court to grant them a new trial, because there was no positive proof that Sanders Walker ever executed a deed to W. A. Brown, and there

was no legitimate circumstantial evidence that connected Sanders Walker with W. A. Brown.

There was evidence by the witness Steele that he saw a deed in the possession of W. A. Brown for this land, with the name of Sanders Walker signed to the deed, and witnessed by two witnesses. Brown and Walker were neighbors and friends. Walker had previously rendered the land for taxes. After the date of this deed the land was assessed in the name of Brown in Limestone County, where they both lived; and Brown also hauled cedar logs from Limestone County to the land. Brown sold the land to W. C. Steele, and turned this deed over to him as a muniment of title. Sanders Walker never rendered the land for taxes after 1854, nor claimed it after that date, although he lived until 1887. We think the evidence was sufficient to support the verdict. Crim v. Herrington, 81 Texas, 614; Bounds v. Little, 75 Texas, 316; McDow v. Rabb, supra.

We overrule the remaining assignments of error presented by appellants.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.