### Oscar Thompson v. M. C. Dutton.

No. 1177.　Decided January 19, 1903.

**1.—Conveyance—Circumstantial Evidence.**

Evidence considered and held sufficient to require the submission to the jury of the question whether a conveyance was executed, though the evidence was only circumstantial.　(P. 208.)

**2.—Limitation—Ten Years—Defining Possession.**

Though one claiming title to land by ten years possession without deed can hold only so much as was actually occupied, and must show occupancy with definite limits, where the possession shown was of a house and inclosure, the limits of the latter not shown, the title by limitation extended at least to the land on which the house stood.　(Pp. 208, 209.)

Error to the Court of Civil Appeals for the Third District, in appeal from McCulloch County.

Dutton sued Thompson in trespass to try title, and recovered judgment.　Thompson appealed, and on affirmance obtained writ of error.

*J. E. Shropshire* and *F. M. Newman,* for plaintiff in error.—The Court of Civil Appeals erred in overruling appellant's first assignment of error and the propositions thereunder, and thereby holding that there was not sufficient evidence of a grant or deed from J. A. Brooke to M. G. Hardee, for the land in controversy, to require that issue to have been submitted to the jury by the trial court; because there was not only the strongest of circumstantial evidence, based upon lapse of time, notoriety of claim, etc., but the admissions of defendant in error herself to that effect.　Dailey v. Starr, 26 Texas, 564; Kemper v. Victoria, 3 Texas, 159; McDow v. Rabb, 56 Texas, 158; Lewis v. San Antonio, 7 Texas, 300; Walker v. Pittman, 18 Texas Civ. App., 519.

The Court of Civil Appeals erred in overruling appellant's first assignment of error and fifth and sixth propositions thereunder, and thereby holding that, under the evidence in this cause, the trial court was justified in giving a peremptory instruction against appellant Thompson, and was not required to submit to the jury the issue of ten years limitation in favor of Thompson; because the evidence showed that when M. G. Hardee took possession of the premises involved in this suit and improved same this was done under either a written or

verbal trade for same between J. A. Brooke, the original grantee of the land, and M. G. Hardee, whose title Thompson acquired and held; and the evidence further showed that Hardee and his vendees held possession of the premises by residence thereon for more than ten years before Thompson was made defendant in this suit, during which time this particular tract, so occupied and claimed, was surveyed out and its corners and bearings established on the ground, and its identity and limits established to a thousandth of an acre. Pearson v. Boyd, 62 Texas, 541; Choate v. Railway Co., 90 Texas, 88; Underwood v. Jones, 11 Texas, 118.

*Jenkins & McCartney,* for defendant in error.—If it were conceded that Hardee's possession was adverse and that Thompson's possession and claim were connected with the claim and possession of Hardee, the defendant could not have held all of the land in controversy under the ten years statute, because:

1. Plaintiff being in actual possession of a portion of the 160 acres, holding the same under the patent, was in the constructive possession of all of said land, except so much thereof as was in the actual adverse possession of another, and this is true even if Hardee had entered under a written conveyance which described the land claimed by him. Anderson v. Jackson, 69 Texas, 347; Evitts v. Roth, 61 Texas, 83; Hays v. Barrera, 26 Texas, 83.

2. But Hardee had no deed. He was either holding under an executory contract, in which event the statute of limitation did not run in his favor, or he was a trespasser, and limitation did not run except as to the land in his actual possession. Clairborn v. Elkins, 79 Texas, 382.

3. The plaintiff being in the actual possession of a portion of the southeast quarter of section 182, holding the same under patent, and therefore being in the constructive possession of all of said land except to the extent of actual ouster, the burden was on the defendant to show what particular part of the land in controversy he was in actual possession of. Clairborne v. Elkins, 79 Texas, 382; Kilpatrick v. Sisneros, 23 Texas, 36; Duggan v. Cole, 2 Texas, 396.

This he failed to do. The undisputed proof was that there was no actual possession of that portion of said land lying south of the road until 1884 or 1885. What part of said land lay north of said road? Was the house on the part lying north of the road? What part of the land lying north of the road, if any, was occupied by the house, or inclosed by the fence. The record is absolutely silent on these questions. If the court had instructed the jury to find for the defendant for all of that portion of the land in controversy that was or had ever been in actual possession of Hardee, Nunn or Burke, what land could they have found for the plaintiff? With the facts in evidence, or rather the total lack of evidence, as to what particular land was in the possession of Hardee, whose possession is necessary to make out the ten years, the

court could not submit this issue to the jury. There was the same total lack of evidence to identify the particular land in the possession of Nunn, Burke or Thompson, "so that it could be distinguished and identified in the final judgment." The jury could not have found limitation as to all of the land, for it was not all fenced prior to 1884 or 1885; nor as to any particular part, because no particular part was shown to have been in possession of defendant.

4. The statute of ten years limitation should not have been submitted to the jury, for the further reason that the undisputed fact put in evidence by the defendant himself was that Hardee entered under an executory contract with which he never complied, but which neither he nor any of his assignees, if Thompson is claiming under him, are shown to have repudiated, and consequently the statute of limitation never began to run. Browning v. Estes, 3 Texas, 476; Clark v. Adams, 80 Texas, 675.

The court did not err in refusing to submit to the jury the question of limitation, because: (1) Without Hardee's possession, ten years possession was not proven. (2) Hardee was either a trespasser, or he held under plaintiff. (3) If a trespasser, the burden was on defendant to show what particular part of the land he had actual possession of. There is no evidence on this point. (4) If Hardee held under an executory contract his possession was not adverse, hence no limitation. The evidence was undisputed that Hardee held under an executory contract. (5) Defendant either held under Hardee or he did not. If he held under him his possession was not adverse; if he did not, he did not have ten years possession. (6) Defendant offered no evidence as to what particular land was in actual possession of Hardee, Nunn, Burke or himself and hence proved nothing upon which a jury could base a verdict in his favor.

GAINES, CHIEF JUSTICE.—This was an action of trespass to try title, and was originally brought by the defendant in error to recover three quarter sections of land. There were several defendants in the original petition; but the plaintiff was not there made a party. However, by an amended petition filed December 12, 1887, he was made a defendant. The plaintiff filed her fourth amended original petition December 10, 1889, in which she dismissed as to all the defendants except Oscar Thompson (the plaintiff in error) and restricted her suit to a recovery of one quarter section only. The defendant thereupon disclaimed as to all the land sued for except a specific tract of 9 733-1000 acres, described in his answer by metes and bounds. As to the land claimed by him he pleaded not guilty and the statutes of limitations of three, five and ten years. The action thus resolved itself into a suit to recover this small tract of little more than nine acres.

Upon the trial, the plaintiff introduced in evidence a patent from the State to herself as assignee of one J. A. Brooke to the land described in her last amended petition. This patent was dated November 6, 1889.

The patent showed by its recitals, that the land had been purchased by Brooke as school land under the Act of April 24, 1874; that the purchase money had been fully paid, and that Brooke had transferred his title to the patentee December 9, 1884. The plaintiff then rested.

The defendant introduced in evidence Brooke's application to purchase the quarter section, which was dated February 26, 1877; and it was agreed that the land was sold to him by virtue of his application, and that his obligation to the State for the unpaid purchase money was dated May 30, 1877. Defendant also introduced a deed to himself from one Burks to the 9 733-1000 acres of land claimed by him, dated October 11, 1892; also a deed to the same land to Burks from one Nunn, dated February 12, 1881, together with testimony showing that one Hardee took possession of this tract in May or June, 1877, and built a house and other improvements thereon, and that he lived there until the spring of 1878, and that when he left Nunn took possession. There was also testimony tending to show that Nunn had purchased the land from Hardee. The defendant also made proof of circumstances for the purpose of showing that Hardee had bought the land from Brooke at the time he took possession and improved it. But no writing evidencing either a conveyance or contract of sale from Brooke to Hardee or from Hardee to Nunn was introduced. There was also evidence tending to show continuous adverse possession on part of Hardee, Nunn, Burks and defendant Thompson from the time of Hardee's first occupancy until the defendant was made a party to the suit.

The court instructed a verdict for the plaintiff. On appeal the Court of Civil Appeals first reversed and remanded the cause, but upon motion for a rehearing, affirmed the judgment.

We are of the opinion that the court erred in instructing a verdict for the plaintiff. Since the judgment will be reversed and the cause remanded, we must forbear a discussion of the evidence. A conveyance of land may be established by circumstantial evidence (Bounds v. Little, 75 Texas, 316); and we deem it sufficient to say that in our opinion the evidence adduced by defendant tending to show that Brooke had sold the land to Hardee, was such as to require a submission of that issue to the jury.

The Court of Civil Appeals in their first opinion held in effect that the trial court did not err in refusing to submit the question of a sale; but that there was evidence tending to support the plea of the statute of limitation of ten years, which required that that issue should have been left to the determination of the jury. However, upon a rehearing they held that in no event could the defendant hold any of the land claimed by him except so much as he actually occupied, and that since the evidence did not show how much of the land was inclosed by Hardee and his successors in the possession, the court did not err in instructing a verdict. We think that the ruling of the court, to the effect that the defendant under his plea of limitation of ten years could only hold so much of the land as was actually occupied by him and those under

whom he claimed, was correct; but we are also of the opinion, that the evidence tended to show that the dwelling house was so continuously occupied, and that therefore as to the land at least upon which the house stood he was entitled to a judgment, provided the jury upon a proper submission of the issue had found that there had been adverse and continuous occupancy for ten years before defendant was brought into the suit.

The other questions in the case are not likely to arise upon another trial and need not be discussed.

For the error of the trial court in instructing a verdict for the plaintiff, the judgments of that court and of the Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*