FRETWELL v. POLLARD et al.  (No. 1848.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 30, 1917. On Motion for Rehearing, Dec. 20, 1917.)

1. APPEAL AND ERROR ⬠1078(4)—BRIEF— MATTERS REVIEWABLE — SUFFICIENCY OF EVIDENCE.

Where the assignments in appellant's brief do not challenge the sufficiency of the evidence to support the verdict, the Court of Civil Appeals is not called upon to do so by the oral argument of the parties on such question when the cause was submitted.

2. APPEAL AND ERROR ⬠882(8)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Where an abstract of title in its entirety was introduced in evidence by a party in trespass to try title, he cannot complain of the introduction of a part thereof by the other party.

3. EVIDENCE ⬠219(1)—TITLE—PAYMENT OF TAXES—ADMISSIBILITY.

Proof that one did not render land for taxes after a certain time was admissible as a circumstance to show that the land was conveyed under a certain instrument.

4. APPEAL AND ERROR ⬠204(1)—MATTER REVIEWABLE — EVIDENCE — NECESSITY FOR OBJECTION.

Complaint cannot be made of admission of evidence not objected to.

5. TRIAL ⬠352(1) — QUESTIONS TO JURY — WEIGHT OF EVIDENCE — LEGALITY OF EVIDENCE.

A question to the jury, "Do you find that the evidence showed by a preponderance thereof that on the 12th day of December, 1877, I. M. Ball and B. T. Estes conveyed to J. D. Mason 640 acres of land out of the C. M. Akin

headright survey, containing 2,637 acres, being patent 895, and abstract No. 1, and situated on the line of Bowie and Red River counties, being the 640 acres of which the 440 acres in controversy is a part," was not on the weight of the evidence, or as delegating to the jury the right to pass on the legality of evidence; the question being as to the identity of land conveyed.

On Motion for Rehearing.

6. APPEAL AND ERROR ☞262(2)—MATTERS REVIEWABLE—EXCEPTIONS—NECESSITY FOR.
Refusal of a motion for a directed verdict, if it could be treated as a requested special charge, is not ground for complaint where no exception was taken to the ruling.

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Trespass to try title by R. H. Fretwell against S. R. Pollard and others. Judgment for defendants, and plaintiff appeals. Affirmed. Motion for rehearing overruled.

Appellant was the plaintiff in the court below. His suit was against appellees W. B. Munson, J. T. Munson, and S. R. Pollard, to try the title to 440 acres of the C. M. Akin survey of 2,637 acres in Bowie county. It appeared from the testimony that I. M. Ball and B. T. Estes owned the land on December 12, 1877, that said Ball died testate in 1893, and that said Estes died testate in 1902, and that appellant had acquired such title, and only such title, as said Ball and said Estes respectively owned each at the date of his death. The contention of appellees was that Ball and Estes, on said December 12, 1877, had conveyed the land to one J. D. Mason (whose title they had), and therefore that neither said Ball nor said Estes had any title to or interest in the land at the date of his death. It further appearing that appellees had the title to the land, if their contention should be sustained, the court submitted to the jury an issue as to whether said Ball and said Estes conveyed the land to said Mason on said December 12, 1877, or not, and the jury, having answered that they did, rendered judgment that appellant take nothing by his suit; whereupon he prosecuted this appeal.

J. B. Manning, of New Boston, for appellant. P. A. Turner, E. A. Smitha, T. N. Graham, and J. Q. Mahaffey, all of Texarkana, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] The sufficiency of the evidence to support the finding of the jury and judgment of the court is not challenged by any of the assignments in appellant's brief. Those assignments, except one of them in which complaint is made of the form of the question submitted to the jury, all relate to the action of the court in overruling objections made by appellant to the admission of testimony offered by appellees. This court, therefore if it might do so, is not called upon to review the evidence and deter- mine the question as to its sufficiency presented by the oral argument of the parties when the cause was submitted. Rules 24 and 29 for Courts of Civil Appeals (142 S. W. xii); Vernon's Statutes, art. 1612.

It appeared that a survey containing 1,968 acres of land, situated east of Boston, in Bowie county, was patented to C. M. Akin in 1844, and another survey, containing 2,637 acres, situated west of Boston, in said county, was patented to said Akin in 1855. The records of Bowie county were destroyed in January, 1889. Before they were destroyed the Texarkana Abstract Company made abstracts of deeds recorded therein affecting the title to said surveys and parts thereof. At the trial it was agreed between the parties that said abstract company had complied with the provisions of article 3705, Vernon's Statutes, and that the abstracts made by it of deeds, etc,. affecting the title to the 440 acres of the 2,637 acres survey in controversy should be admitted as evidence, and as "prima facie true," subject to such objections as might "apply to the original instruments referred to by such abstracts." It appeared from the abstracts that on December 12, 1877, I. M. Ball and B. T. Estes owned a tract of 640 acres in the 2,637-acre survey and a tract of 640 acres in the 1,968-acre survey, and that said Ball and said Estes by their deed of that date conveyed to one J. D. Mason land described in said deed, according to the abstract thereof, as follows:

"All our interest in 640 acres of the H. R. S. of C. M. Akin. Reference to deed from C. M. Akin to L. M. Rice and H. D. Mason."

[2] This abstract, except the second of the two sentences thereof quoted above, was offered in evidence by appellees and admitted by the court over appellant's objection thereto on the ground that the land described in it was not the land in controversy, but was land in the Akin 1,968-acre survey. The action of the court in admitting the abstract indicated is the basis of appellant's first assignment of error. As it appears from the record that after said abstract, with the exception stated, was admitted over his objection, appellant himself offered and the court admitted the whole of the abstract as evidence in his (appellant's) behalf, it is not necessary to determine whether the part offered by appellees was admissible in their behalf or not. If it was not, appellant could not be heard to complain of the error in admitting it after he himself introduced the entire abstract in evidence. Eastland v. Maney, 81 S. W. 574, 36 Tex. Civ. App. 147; Canal Co. v. Miller, 40 Tex. Civ. App. 460, 90 S. W. 206.

Appellees claimed that the reference in the abstract of the deed from Ball and Estes to J. D. Mason to a deed from Akin to L. M. Rice and H. D. Mason, which was made in 1846, and conveyed 640 acres in the Akin

1,968-acre survey, was a mistake of the compiler of the abstract, and that the reference should have been, instead, to a deed from said Akin to L. M. Rice alone, made in 1859, which conveyed the 640 acres in the 2,637-acre survey. They undertook to prove their contention by circumstances and to show that the land Ball and Estes in fact conveyed to J. D. Mason by their deed of December 12, 1877, was the 640 acres, including the 440 acres in controversy, in said Akin 2,637-acre survey.

[3] As a circumstance tending to support their contention, appellees offered, and the court over appellant's objection, on the ground that it was irrelevant and immaterial and liable to mislead the jury, permitted appellees to prove that after 1877 neither Ball nor Estes rendered any of the land in controversy for taxes. When it is remembered that "a conveyance of land may be established by circumstantial evidence" (Gaines, C. J., in Thompson v. Dutton, 71 S. W. 544, 96 Tex. 205), we think it is plain that, while the testimony may have been inadmissible because a proper predicate for its admission had not been laid (Bounds v. Little, 75 Tex. 316, 12 S. W. 1109), it was not subject to the objection urged to it (Walker v. Pittman, 18 Tex. Civ. App. 519, 46 S. W. 117; Herndon v. Burnett, 21 Tex. Civ. App. 25, 50 S. W. 581; Lumber Co. v. Gwin, 52 S. W. 110; Lumber Co. v. Bonner, 56 Tex. Civ. App. 208, 120 S. W. 577; McMahon v. McDonald, 51 Tex. Civ. App. 613, 113 S. W. 322; Surghenor v. Ducey, 139 S. W. 23).

[4] Therefore the second assignment is overruled, as is the third, for the same reason, and also because it does not appear from anything in the record that the testimony of the witnesses S. C. Ball and W. L. Estes was objected to when same was offered by appellees.

[5] The question submitted by the court to the jury was as follows:

"Do you find that the evidence showed by a preponderance thereof that on the 12th day of December, 1877, I. M. Ball and B. T. Estes conveyed to J. D. Mason 640 acres of land out of the C. M. Akin headright survey, containing 2,637 acres, being patent 895 and abstract No. 1, and situated on the line of Bowie and Red River counties, being the 640 acres of which the 440 acres in controversy is a part?"

Appellant insists that the question was on the weight of the evidence, in that "the court assumed that the land described in the deed from C. M. Akin to L. M. Rice and H. D. Mason was a part of the C. M. Akin west survey, patent No. 895," and was further objectionable because "it delegated to the jury the right to pass upon the legality of the evidence." It is clear, we think, that the question is not subject to either of the objections urged to it.

Appellant having failed to show error requiring a reversal of the judgment, it is affirmed.

## On Motion for Rehearing.

[6] In his motion appellant insists that he did in his assignments question the sufficiency of the evidence to support the judgment, and that the statement to the contrary in the opinion of this court is erroneous. Carefully re-reading his brief, we find that appellant complains in one of the assignments of the action of the court in refusing to give to the jury a special charge he says he requested instructing them to find in his favor. It does not appear from the record that he prepared and presented such a charge to the trial court with a request that he give it, but it does appear that he filed a motion in which he prayed the court to direct the jury to return a verdict in his favor. If this motion should be treated as a requested special charge, appellant is not in a position to complain here of the action of the court in refusing it, because it does not appear from the record that he excepted to such action of the court. Article 2061, Vernon's Statutes.

Appellant further insists that he offered the abstract of the deed from Ball and Estes to Mason in evidence to prove common source only, and that this court therefore erred in holding that he could not be heard to complain because the trial court over his objection permitted appellees to introduce said abstract as evidence on their behalf, whether, if appellant had offered the abstract as evidence of common source only, the court should have sustained his objection to it when appellees offered it as evidence, need not be determined; for it does not appear from the record sent to this court that he offered the abstract for the purpose of proving common source only.

The motion is overruled.