**BYRD v. TAYLOR et al.**

No. 4036.

Court of Civil Appeals of Texas. Texarkana.
June 30, 1931.

Rehearing Denied July 4, 1931.

Neyland & Neyland and B. F. Crosby, all of Greenville, and Wm. Hodges, of Texarkana, for appellant.

B. M. McMahan, Clark, Harrell & Clark, and L. L. Bowman, Jr., all of Greenville, for appellees.

WILLSON, C. J. (after stating the case as above).

■ Of the twenty-five propositions in appellant's brief, the first nine relate to the land constituting what is referred to in the record as the "Community Center Property." As appears in the statement above, that land was conveyed to L. N. Byrd after he and appellant were married in 1891, to wit, in 1896 and 1900. Presumptively, therefore, when the land was so conveyed, it became a part of the community estate between said L. N. Byrd and appellant. Wideman v. Coleman (Tex. Com. App.) 17 S.W.(2d) 786. To the contrary of that presumption, appellant insisted in the court below, and insists here, that the conveyances to L. N. Byrd were in trust for her, and therefore that the land never became a part of said community estate, but, instead, became a part of her separate estate.

In support of her contention appellant adduced evidence showing or tending to show (1) that her father gave her money which she gave to L. N. Byrd to use in buying the property for her; (2) that afterward said L. N. Byrd repeatedly declared he bought the land with such money, and that it belonged to appellant; and (3) that appellant, claiming to own the property, expended money belonging to her separate estate in improving it. As controverting appellant's contention, appellees relied (1) on the presumption that the property was community arising from the fact that it was conveyed to L. N. Byrd while he and appellant were married; and (2), on certain declarations as to the ownership of the property made by L. N. Byrd during his lifetime, admitted as evidence over objections thereto interposed by appellant.

■ As to one of the declarations it appears in a bill of exceptions that L. L. Bowman testified that after L. N. Byrd's death he had a conversation with appellant with reference to the "Community Center Property," in which she said something about the property being hers, when her daughter, Mrs. Starke, who was present, spoke up and said: "Papa always said that belonged to him." The objection was to what Mrs. Starke said L. N. Byrd

said. The grounds thereof were that what L. N. Byrd said was "irrelevant, immaterial, prejudicial to the right of Mrs. Byrd, and hearsay." Appellees' view is that the declaration was admissible as evidence because it was, they assert, part of the conversation between the witness Bowman and appellant, and because it was, they assert, further, in rebuttal of testimony on appellant's behalf. In support of that view, which is shared by a majority of the members of this court, appellees cite many authorities, among same being the following: Sumner v. Murphy, 2 Hill (S. C.) 488, 27 Am. Dec. 397; Wingo v. Caldwell, 36 S. C. 598, 15 S. E. 382; Joyce v. Hamilton, 111 Ind. 163, 12 N. E. 294; 22 C. J. 290; 16 Cyc. 898; Hutcheson v. Massie (Tex. Civ. App.) 159 S. W. 315; Walker v. Pittman, 18 Tex. Civ. App. 519, 46 S. W. 117; Wells v. Burts, 3 Tex. Civ. App. 430, 22 S. W. 419; Smitheal v. Smith, 10 Tex. Civ. App. 446, 31 S. W. 422; Portis v. Hill, 14 Tex. 69, 65 Am. Dec. 99; Easley v. Ry. Co., 113 Mo. 236, 20 S. W. 1073. The writer thinks the testimony was subject to the objection urged to it, and that it was error to admit it as evidence. As he understands the rule, such declarations are admissible as explanatory of a declarant's possession of land, but are regarded as self-serving and inadmissible as evidence of title in the declarant. Mooring v. McBride, 62 Tex. 309; Maffi v. Stephens (Tex. Civ. App.) 93 S. W. 158; Duren v. Bottoms, 60 Tex. Civ. App. 355, 129 S. W. 376; Cattle Co. v. Cooper, 39 Tex. Civ. App. 99, 87 S. W. 235; Gilbert v. Odum, 69 Tex. 670, 7 S. W. 510; Hays v. Hays, 66 Tex. 606, 1 S. W. 895; McDow v. Rabb, 56 Tex. 154; Warren v. Humphreys (Tex. Civ. App.) 274 S. W. 250; Snow v. Starr, 75 Tex. 411, 12 S. W. 673. The issue in the case was one as to title and not as to possession by L. N. Byrd of the land.

As to the other declaration (there were only two) it appears in a bill of exceptions that appellees offered as evidence a financial statement in writing, dated December 1, 1927, made by L. N. Byrd, furnished to P. A. Norris, for use in negotiating a loan Byrd wished to secure. In the list of properties (aggregating $503,000 in value) was an item described as "Community Center, 4 bricks, 40,000." Appellant objected to the admission of the statement as evidence that the "Community property" belonged to the community estate between her and L. N. Byrd, on the ground (1) that it (the statement) antedated the deed of January 10, 1928, from L. N. Byrd to appellant; (2) that it did not appear that "any credit or extension of credit was made on account" thereof; (3) that it did not appear to have come from the proper custody; (4) it did not appear it was made in appellant's presence, or that she knew anything about it; and (5) it was "irrelevant, immaterial and hearsay." The court sustained the objection except so far as it applied to the item "Community

property, 4 bricks, 40,000." He overruled the objection so far as it was to that item, and admitted same as evidence. As we construe it, the declaration was not materially different from the one Bowman testified Mrs. Starke referred to, and what was said about it above applies as well to the declaration in the Norris statement. In conformity to the view of the majority, the assignments predicating error on the action of the court below in admitting the declarations as evidence are overruled.

It is insisted that the findings of the jury, in response to the first and second special issues submitted them, that neither the land described in the deed from Jane Wall to L. N. Byrd nor the land described in the deed from George Swinney and his wife to L. N. Byrd was paid for with money given to appellant by her father, were without support in the evidence. Contrary to appellant's contention with reference to this phase of the case, the deeds to L. N. Byrd prima facie establishing that the land was community, we think the burden was on appellant to prove it was so paid for, and that the jury had a right to conclude that she had failed to discharge the burden. And contrary to appellant's further contention, we think the findings of the jury in response to said first and second special issues were in legal effect, in view of her pleadings, equivalent to a finding that the property belonged to the community estate. According to the allegations in appellant's answer the ground, and only ground upon which she predicated her claim, that the land was not community property, but belonged to her separate estate, was that it was paid for with money belonging to her said estate. Gates v. Pitts (Tex. Civ. App.) 2 S.W. (2d) 307; Askey v. Power (Tex. Com. App.) 36 S.W.(2d) 446; Brigman v. Holt (Tex. Civ. App.) 32 S.W.(2d) 220.

The remainder of the land in controversy was that described in the deed from L. N. Byrd to appellant dated January 10, 1928, referred to in the statement above. It will be noted from recitals therein that that deed purported to have been made by L. N. Byrd to pay indebtedness he claimed he owed appellant in her separate right. The jury found on the special issues submitted to them that L. N. Byrd was insolvent at the time he made the deed, and that appellant was chargeable with knowledge thereof; that L. N. Byrd was not then indebted to appellant "for money from her separate estate theretofore used by him"; and that the deed "was not in payment of what he owed her on account of money used by him from her separate estate." It appearing that appellees were creditors of L. N. Byrd at the time he made the deed in question, the findings of the jury, if warranted by the evidence, established the invalidity of the deed by force of article 3997, R. S. 1925, as follows: "Every gift, conveyance, assign-

ment, transfer or charge made by a debtor, which is not upon consideration deemed valuable in law, shall be void as to prior creditors, unless it appears that such debtor was then possessed of property within this State subject to execution sufficient to pay his existing debts."

█ Appellant's contention is that the findings that L. N. Byrd was not indebted to appellant on account of money used by him from her separate estate, and that the conveyance was not to pay money he owed her, were without evidence to support them. We have read the evidence in the statement of facts sent to this court and think the jury had a right to draw inferences from it entitling them to make the findings in question. We do not agree with appellant in her contention that the testimony of the witness Bush as to what the books of banks she and L. N. Byrd did business with showed as to their respective accounts with said banks was inadmissible. The testimony, it seems to us, was within an exception to rules of evidence invoked by appellant that, where books are voluminous and involve intricate details so as to make it inconvenient for the court to make the necessary examination, "parol evidence of an expert accountant or other competent person is admissible to prove what said books show." Indemnity Co. v. Shaw (Tex. Civ. App.) 8 S. W. (2d) 196, 197; Clopton v. Flowers (Tex. Civ. App.) 183 S. W. 68; American Surety Co. v. Bank (Tex. Civ. App.) 14 S.W.(2d) 88. We conclude that the judgment should not be disturbed so far as it determined that said deed of January 10, 1928, was without a consideration deemed valuable in law, and therefore was void as against appellees.

The conclusion stated is in the face of a contention by appellant that in any event the judgment was wrong so far as it required her to inventory lot 7 in block 9, mentioned in appellees' petition, as a part of L. N. Byrd's estate. The contention is on the theory it appeared that that lot was conveyed to her by L. N. Byrd, December 30, 1895, by a deed of that date subject to none of the objections urged to the deed of January 10, 1928, and therefore that the title to same was in her, even if said deed of January 10, 1928, was inoperative. The theory seems to be without support in the evidence. We have been unable to find in said statement of facts any mention of such a deed as the one referred to conveying lot 7, block 9, from L. N. Byrd to appellant, dated December 30, 1895. There is a deed of that date in said statement, but it is of lot 5, not lot 7, in block 9.

Assignments of error not in effect disposed of by what has been said are overruled, because we think none of them present error requiring a reversal of the judgment.

The judgment is affirmed.