ROBERT B. PALMER ET AL. V. E. M. CURTNER ET AL.

(Case No. 4247.)

1. COMMISSIONER OF CLAIMS — LAND CERTIFICATE.— The action of the commissioner of claims, under the act to ascertain the legal claims for money and land against the state, approved August 1, 1856, in approving a bounty warrant for the benefit of the original assignee, was not conclusive against the rights of those claiming by purchase from the original grantee prior to the·issuance of the bounty warrant, nor against the rights of an assignee.

2. SAME.— The provisions of the act conferring authority on the commissioner of claims, requiring him to withhold his approval until the evidence referred to in the act was produced, was not designed to make the ultimate rights of assignees depend on their ability to produce before him the required evidence. The act was not designed to create a tribunal to determine private rights, and did not preclude the real owner of a certificate from resorting to the courts to establish rights which the commissioner failed to recognize.

APPEAL from Wise. Tried below before the Hon. J. A. Carroll.

Robert B. Palmer *et al.* brought suit the 1st day of October, A. D. 1879, in Wise county, against E. M. Curtner *et al.*, in trespass to try title to one thousand two hundred and eighty acres of bounty land, patented to Philip Turrain. Petition in the usual form. Defendants, on the 30th day of October, 1879, filed their answers, pleading:

1. Not guilty.
2. Statute of three years' limitation.
3. Statute of ten years' limitation.
4. Improvements in good faith.

A guardian *ad litem* was appointed for the minor plaintiffs.

1. Plaintiffs introduced and read in evidence a patent from the state of Texas to Philip Turrain to the land in controversy, dated July 8, A. D. 1875, by virtue of certificate No. 1,557, dated 25th day of March, A. D. 1854, for services rendered by Philip Turrain from the 31st day of July, A. D. 1836, until 28th day of February, A. D. 1837, in the army of the republic of Texas.

2. Plaintiffs then read a power of attorney, dated March 11, 1837, made by Philip Turrain, in and by which Philip Turrain appointed his attorney to make a better and more lawful deed, if required, to George A. Bortholick, his heirs or assigns, for six hundred and forty acres of land; reciting in said power of attorney, that it had been conveyed to said Bortholick by said Turrain, by a deed dated on the same day, and as also conveyed to

said Bortholick by a transfer in writing on the back of his certificate of discharge, bearing date February 28, 1837, stating in this power of attorney that the land was to be selected, located and surveyed by said Bortholick at his own expense; and said Turrain in said power of attorney authorized his attorney to make said Bortholick, as soon as the patent is obtained from the general government (should it be obtained in his name), a good deed and lawful title to the said George A. Bortholick, his heirs or assigns, by signing his name, etc., and making this power of attorney irrevocable.

3. Plaintiff offered and read in evidence the transcript from the general land office showing, *first*, that the certificate mentioned in the patent introduced in evidence, issued to E. A. Palmer, as assignee of Philip Turrain, on the 24th day of March, A. D. 1854, and was registered and approved for the benefit of Philip Turrain, the original assignor, December 2, A. D. 1857, by James O. Illingworth, commissioner of claims.

Plaintiffs then offered to read in evidence a deed dated the 30th day of March, A. D. 1854, made by George A. Bortholick to the plaintiffs, to the land certificate, by virtue of which the land was patented. The defendants objected, *first*, because it was irrelevant and immaterial; and *second*, because the action of the commissioner of claims was conclusive. The court sustained the objection, and held that the action of the commissioner of claims in approving and registering the certificate in the manner shown above to be conclusive of the rights of the assignee named in the certificate, to wit, E. A. Palmer and all person claiming by, through or under him.

Plaintiffs then offered the depositions of George A. Bortholick to prove, *first*, that on the 11th day of March, A. D. 1837, he bought of Phillip Turrain his certificate of discharge for military services in the army of the republic of Texas, from the 31st day of July, A. D. 1836, until the

28th day of February, A. D. 1837, and paid Turrain therefor a gold watch and some money; that Turrain made him a deed of transfer to the certificate of discharge, and also made and delivered to Bortholick the power of attorney above referred to, which was in evidence. Plaintiffs also offered to prove by this witness that Bortholick sold and (by deed executed in blank as grantee) conveyed the certificate to E. A. Palmer March 20, A. D. 1854; and that he, said Bortholick, had, by a written power of attorney, authorized W. H. Cundiff to fill the deed so executed by writing the plaintiffs' names in the same in the blanks, as the grantees in the same. The defendants objected, *first*, because it was immaterial, and that the action of the commissioner of claims in approving the certificate for Philip Turrain was conclusive of George A. Bortholick's rights. The court sustained the objection and excluded the testimony.

Title to the Turrain certificate and the land to be located thereby was proven to be in Bortholick, without objection.

*Mabry & Carter*, for appellant.

*Davis & Garnett*, for appellees.

GOULD, ASSOCIATE JUSTICE.— We are of opinion that the action of the commissioner of claims, on December 2, 1857, on the bounty warrant issued March 24, 1854, to E. A. Palmer, as assignee of Philip Turrain, in approving said warrant for the benefit of the original assignor, Philip Turrain, was not conclusive against the rights of said E. A. Palmer nor of those claiming through him, nor against the rights of those claiming by purchase from the original grantee prior to the issuance of such bounty warrant.

The act "to ascertain the legal claims for money and land against the state," under which the commissioner of

claims acted, was designed to regulate the establishment of claims against the state so as to guard against the issuance of patents on fraudulent claims or to fraudulent assignees of honest claims. Laws of 6th Leg., p. 14. The requirement that the commissioner withhold his approval until "the genuineness of the assignment, and the identity and residence of the parties and witnesses thereto, shall be proved by the testimony of at least two credible witnesses, in the manner herein prescribed," which was in the act of August 1, 1856, in force when this warrant was acted on, was designed to prescribe a rule of evidence for the commissioner; but was not, we think, designed to make the ultimate rights of assignees depend on their ability to produce in the courts that amount of testimony. After the commissioner of claims had withheld his approval of the bounty warrant for the benefit of the assignee (perhaps because of the failure to prove up the assignment by two witnesses), but had approved it for the benefit of Philip Turrain, that warrant ceased to be, of itself, such evidence of the right of the purported assignee as would entitle him to protest in his own name, or to be recognized in the courts or by the government officials as the owner of the warrant. But the act was not designed to create a tribunal for the determination of private rights, or to preclude a party claiming to be the owner of a land certificate which might be located and patented in the name of the original grantee, from resorting to the courts to establish his rights, because the commissioner of claims had, for any reason, failed or refused to recognize them. If the party lost the advantage given him by the issuance of the warrant to him as assignee, he still retained such rights as he could legally establish.

In argument it is claimed that the rights of those claiming under E. A. Palmer have, under later acts amending that of August 1, 1856, been lost by delay. It appears, however, that the court held the action of the commis-

sioner of claims to be conclusive, and based its judgment on that ground. In this state of the record we deem it unnecessary to pass upon any other question.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 12, 1881.]