78  489
83  432
78  489
89  475

---

### J. D. WALKER V. ISAAC CARADINE ET AL.

#### No. 3072.

1. **Presumptions of Deed, etc., from Long Possession.**—The presumption of a grant which arises from the long continued possession and use of real property is a presumption of fact, and can only have a controlling effect upon the title where all the circumstances in proof are consistent with the existence of a conveyance.

2. **Same.**—Such presumption is not arbitrarily indulged in favor of long adverse possession merely, but should only be given effect when the circumstances in the particular case are sufficient to induce the belief that a legal conveyance under which the possession has been taken and held has been in fact made.

3. **Commissioner of Claims—Approval, etc.**—The approval of a bounty warrant by the Commissioner of Claims in favor of the original grantee, while not conclusive, yet when followed by a patent in favor of such grantee should preclude the court, from mere lapse of time, from presuming that the certificate had ever been legally transferred.

4. **Presumption—Acquiescence.**—The presumption of a deed seems greatly dependent upon the acquiescence of the owner of the fee. There can be no acquiescence without a knowledge that it exists.

5. **Same.**—It was not error to refuse an instruction that adverse possession continued for seventeen years, with payment of taxes, was a sufficient basis for finding the existence of a deed supporting the possession.

6. **Fact Case.**—See facts held insufficient to support a presumption of a deed.

APPEAL from Tarrant. Tried below before Hon. R. E. Beckham. The opinion states the case.

*Hunter, ·Stewart & Dunklin,* for appellant.— 1. We maintain as a rule of law that peaceable, actual, notorious, adverse, and continuous possession of lands under deeds duly registered, with payment of taxes and claiming exclusive title against the world for a long period of time, to-wit, more than seventeen years, in a case where the adverse claimant and his heirs have for fifty-one years failed to assert any claim thereto, or pay taxes or do any act whatever indicative of their claim of title, authorize the jury, in the absence of proof to the contrary, to presume that a legal and sufficient title had passed out of the original owner or his heirs, and it would be the duty of the court to instruct the jury in such a case that they were authorized, if they so believed, to indulge such a presumption. Taylor v. Watkins, 26 Texas, 692; Dailey v. Starr, 26 Texas, 562; Biencourt v. Parker, 27 Texas, 564; Morris v. Byers, 14 Texas, 284; Plummer v. Power, 29 Texas, 6; Lewis v. San Antonio, 7 Texas, 288; Herndon v. Casiano, 7 Texas, 322; Paul v. Perez, 7 Texas, 338; Hobby's Land Law, secs. 256, 257; Fletcher v. Fuller, 120 U. S., 534; Ricard v. Williams, 20 U. S., 59, 110; 2 Hill. on Real Prop., secs. 2, 3, 8, 9, 10, 11, 12, 13; Garrett v. Jackson, 20 Pa. St., 335.

2. The principles upon which a presumption of a grant proceeds are those of evidence, and not those of prescription or limitation, and hence it makes no difference whether the party opposing such presumption is under coverture or not. A married woman may sue to recover her separate estate. Sayles' Civ. Stats., art. 1204, and authorities in note 3.

3. The certificate was issued in this instance to Moses Wyatt, assignee of Isaac Caradine, but the Commissioner of Claims approved it for the benefit of Isaac Caradine. This refusal of the Commissioner to approve the certificate for the benefit of the assignee did not in the least affect his title thereto. It only prevented the assignee from obtaining a patent in his own name, but his rights thereto and his title thereto remained, and it is the duty of the court to-day to protect him in those rights, and allow him and his assignee all the benefits of the laws of evidence and the presumption of grants that apply in any other proper case, the action of the Commissioner of Claims not being conclusive upon him nor upon any one holding under him by presumed conveyance or otherwise. Palmer v. Curtner, 55 Texas, 64.

*Wynne & Stedman,* for appellees.— 1. The doctrine of the presumption of a deed is never available except where a title good in substance but wanting some collateral matter to make it complete in form has been shown by the party calling for the presumption. 2 Whart. on Ev., secs. 1347–1352; 1 Phil. on Ev., p. 672; Doe v. Cooke, 6 Bing., 179; Palmer v. Curtner, 55 Texas, 64.

2. The doctrine of the presumption of a deed can not be invoked except in aid of the possession, and until possession commences it is not

applicable. Boone v. Miller, 73 Texas, 557; Doe v. Butler, 3 Wend., 150; Ricard v. Williams, 7 Wheat., 59.

3. The doctrine of the presumption of a deed against the appellee Martha Ann Sharp, on account of the possession taken in 1869, is not warranted by the facts, and appellant's claim of title is not under her but from persons back behind her. Ricard v. Williams, 7 Wheat., 59; Taylor v. Watkins, 26 Texas, 692.

GAINES, ASSOCIATE JUSTICE.—The appellees as heirs of Isaac Caradine, deceased, brought this suit to recover a tract of land patented to their ancestor. The appellant, the defendant below, pleaded not guilty and the several statutes of limitations applicable to the recovery of land. Appellee Mary Ann Sharp replied setting up her coverture, beginning before adverse possession was taken of the premises. The plea of limitation prevailed against her coplaintiffs, but she obtained a verdict and judgment for an undivided third interest in the land. . From this judgment the defendant appeals.

Isaac Caradine was a soldier in the army of the Republic of Texas, and having served three months became entitled to a certificate for 320 acres of land by virtue of the act of Congress of December 4, 1837. Pasch. Dig., art. 4057.

Caradine moved to Louisiana and died in 1844. In November, 1854, the certificate by virtue of which the land was located was issued by the Adjutant-General of the State. In it one Moses Wyatt was recognized as assignee; but when it came to be approved under the act of January 16, 1858 (Paschal's Digest, article 1115), it was endorsed by the Commissioner of Claims, "registered and approved for the benefit of the original grantee, 'Isaac Caradine,' March 25, 1859."

On the 4th day of January, 1855, one A. G. Price made a transfer of the certificate to one A. G. Walker. The patent issued in 1869 and in March, 1871, A. G. Walker conveyed the land to A. G. Walker, Jr., who conveyed to Hiram Walker and wife. They, H. Walker and wife, have since died, and the defendant is one of their heirs and has conveyances from his coheirs. Hiram Walker moved upon the land in December, 1869, and continued to cultivate and occupy it until his death. The use and possession was continued by the widow and her children until she died. Her children continued to occupy it until the defendant bought the interest of his brothers and sisters, since which time he has continuously held possession of the property. Taxes were paid by Walker ever since Hiram and wife bought the land in 1869. The plaintiffs never paid any taxes upon it.

At the time of her father's death in 1844 appellee Mary Ann Sharp was only five years old. She was married in 1859, and her husband was still living when this suit was brought.

The foregoing is in substance all the evidence in the case, in so far as it bears upon Mrs. Sharp's right to recovery. Upon this state of the case the defendant asked the court to give the following special instruction:

"If you believe from the evidence that the defendant, J. D. Walker, and those under whom he claims have had and held peaceable, actual, notorious, adverse, and continuous possession of the land in controversy from the year 1870 to the date of filing this suit, March 14, 1887, and have paid all taxes due thereon, and have held the same under deeds read to you in evidence, and all said time have claimed the title to said land against the world, then you are authorized to presume, unless the evidence satisfies you to the contrary, that Isaac Caradine or his heirs had duly and legally conveyed the certificate or bounty warrant read in evidence or the land located thereunder to Moses Wyatt or to A. G. Price, and also to presume that Moses Wyatt had duly and legally conveyed the said certificate or land to A. G. Price."

The court refused to give the charge, and that action is assigned as error.

The presumption of a grant which arises from the long continued possession and use of real property is a presumption of fact, and can only have a controlling effect upon the title when all the circumstances in proof are consistent with the existence of a conveyance. Taylor v. Watkins, 26 Texas, 688.

It is not arbitrarily indulged in favor of long adverse possession merely, but should only be given effect when the circumstances in proof in the particular case are sufficient to induce the belief that a legal conveyance under which the possession has been taken and held has been in fact made.

Applying these rules to the facts of this case, we are of the opinion that a transfer of the certificate cannot be presumed prior to its approval by the Commissioner of Claims on the 25th day of March, 1859. The authority under which the Commissioner acted in approving the certificate is found in an act of the Legislature passed January 16, 1858. Pasch. Dig., art. 1115. All bounty land certificates (as well as many others) were required to be presented to the Commissioner for approval; and the act just cited contains this language: "Provided, however, that he (meaning the Commissioner) shall withhold his approval from any bounty or donation certificate issued to an assignee since the 29th day of November, A. D. 1851, until the genuineness of the assignment and the identity and residences of the party and witnesses thereto shall be proved by the testimony of at least two credible witnesses in the manner herein prescribed, or otherwise established to the satisfaction of the Commissioner; and should the Commissioner of Claims upon such investigation and examination of any such bounty, or donation, or headright, or other certificate issued to an assignee, be satisfied that the original grantee was entitled to said certificate, and no satisfactory evidence of the genuineness of the assignment shall be presented, he shall endorse the said certificate 'approved for the

benefit of the original grantee,' giving the name; and the patent shall not issue on any such claim until the rightful owner thereof is proved before the Commissioner of Claims or the person performing the duties of said office."

The Act of February 7, 1860, also provided that the Commissioner of the General Land Office should "not issue a patent upon any bounty or donation warrant issued to an assignee since the 24th of November, 1851, until two years from the date of its approval shall have elapsed, except by order of a decree of a court of competent jurisdiction to try the rights of the grantee and assignee." Pasch. Dig., art. 1162. It has been decided in this court that the action of the Commissioner of Claims in approving a certificate for the benefit of the original grantee is not conclusive. Palmer v. Curtner, 55 Texas, 64. We think, however, in view of the legislation recited above, the approval of the certificate in favor of the original grantee and the issuing of the patent in his name should preclude us from indulging by reason of the mere lapse of time the presumption that the certificate had been legally transferred.

Isaac Caradine having died before the certificate was issued in the first instance, and the presumption being that there had been no transfer before the land was patented, the defendant must rely for a judgment upon the presumption of a grant from his heirs. We are concerned in this court only with Mrs. Sharp's title. Her father moved with her to Louisiana, and died while she was very young. She has ever since resided there. If she was ever in Texas the evidence does not show it. If she ever knew that a certificate had been granted to her father for land in Texas or that a patent had ever issued to him to a survey of land in the State until a short time before this suit was brought, it is not disclosed by the record. If there is any circumstance which tends to prove either that she had a knowledge of her rights or of the possession and claim of the defendant and of those through whom he derives his title, it does not appear by the testimony. Now presumptions of grant have usually been applied to incorporeal hereditaments. For example, where the owner of land has seen another use a way over it for twenty years, and where such use has been inconsistent with the idea that it did not have a legal origin, the presumption of a grant may become conclusive. But it is apparent that in such a case the presumption derives its main support from the acquiescence of the owner of the fee. So also if one who has the apparent title to a tract of land, knowing that another has taken adverse possession, acquiesces in such adverse enjoyment of the property for a period of twenty years, a jury would be justified in presuming a grant in the absence of circumstances tending to a contrary conclusion. But in both of these cases it is apparent that the presumption has its foundation in the acquiescence of the holder of the apparent title. There can be no acquiescence in an adverse possession without a knowledge that it exists.

We are of opinion, therefore, that the adverse possession and enjoyment of the premises in controversy by defendant and those under whom he claims for seventeen years under the circumstances of this case would not have authorized the jury to presume a grant from her.

We held in Bounds v. Little, 75 Texas, 316, that the execution and loss of a deed might be proved by circumstances—that is to say, by presumptive evidence—without any especial reference to lapse of time. Hence we do not say that a deed may not be established by presumptions within less than twenty years. But we can not say in this case that the evidence was sufficient to justify the presumption of a deed without giving to the circumstances an arbitrary legal effect; that is to say, a greater probative force than they are ordinarily and naturally calculated to produce. The circumstances were not sufficient to justify a verdict in favor of defendant against Mrs. Sharp and not sufficient to warrant the special charge requested.

We conclude that the court did not err in refusing the instruction. This being the only question in the case, the judgment is affirmed.

*Affirmed.*

Delivered November 14, 1890.