## P. E. McMahon v. Roderick McDonald et al.

### Decided October 14, 1908.

**1.—Deed—Execution—Circumstantial Evidence—Question for Jury.**

Where, in trespass to try title, defendant claims under a deed alleged to be lost or destroyed and relies on circumstantial evidence to prove the existence and execution of the deed, a question of fact is thereby raised which should be submitted to and passed upon by the jury. The court should not pass upon the legal effect of the evidence.

**2.—Same—Recitals in Other Deeds.**

The recitals in an ancient deed as to the chain of title under which the vendor holds, is admissible in evidence as a circumstance tending to prove the existence of a deed in such chain of title which is alleged to be lost or destroyed and which can not, after due search, be found.

**3.—Same—Lost Deed—Evidence.**

Upon the issue of the existence and execution of a lost deed, evidence considered, and held sufficient to support the finding of the jury that such deed had been executed.

**4.—Deed of Assignment—Effect.**

A deed of assignment by a debtor for the benefit of his creditors will pass to the assignee all the property owned by the debtor whether the same be sufficiently described or not.

Appeal from the District Court of Liberty County. Tried below before Hon. L. B. Hightower.

*Baldwin & Christian,* for appellant.—The trial court committed a fundamental error in submitting this case to the jury, for the reason that the evidence adduced upon the trial was all documentary, and admitted facts. It was, therefore, the duty of the trial court to pass upon the legal effect of the same, and to direct such a verdict for the plaintiff or defendants as, from this documentary and undisputed evidence, they were entitled to. Sayles' Rev. Stats., arts. 1293 and 1316; Ivey v. Williams, 78 Texas, 685; Hunnicutt v. State, 75 Texas, 233; Anderson v. Nuckles, 34 S. W., 680; Morris v. Travelers' Ins. Co., 43 S. W., 898;

Edwards v. Barwise, 69 Texas, 84; Cook v. Dennis, 61 Texas, 246; Eddy v. Bosley, 34 Texas Civ. App., 116.

Recitals in deeds can only bind parties and privies thereto, and, as to third persons, such recitals are hearsay and self-serving declarations. Herndon v. Davenport, 75 Texas, 462; Halbert v. DeBode, 15 Texas Civ. App., 630; Tapp v. Corey, 64 Texas, 594; McCoy v. Pease, 17 Texas Civ. App., 306; Hart v. Meredith, 27 Texas Civ. App., 271; Greenleaf on Evidence, sec. 23, and note thereto; 13 Cyclopedia of Law and Procedure, pp. 111 and 112.

The trial court erred in giving to the jury special charge number two asked by defendants, which said special charge is as follows, to wit: "I charge you that, if you find the evidence leads to the conclusion that a conveyance from Isaiah S. Fields to Rosena Menard for the land described in the deed from the trustees of Allen, Poole & Company to W. P. Ballinger, might have been executed, and that its existence would be a solution of the difficulties arising from its nonproduction, then your verdict will be for the defendant as follows: 'We, the jury, find for the defendant,' because the same is upon the weight of the evidence. Missouri, K. & T. Ry. Co. v. Kemp, 30 S. W., 1117; Missouri Pac. Ry. Co. v. Bartlett, 81 Texas, 44; Baines v. Ullmann, 71 Texas, 537; Emerson v. Mills, 83 Texas, 388; Davidson v. Wallingford, 88 Texas, 624; Stooksbury v. Swan, 85 Texas, 563.

*L. B. Moody,* for appellees.—The court did not err in admitting in evidence the recitals contained in the deed from Allen, Poole & Company, by assignees, to William P. Ballinger, nor in admitting in evidence that portion of the inventory of the estate of Ballinger mentioning the land in controversy, because the same were admissible as circumstances from which the jury would be authorized to infer that the land had been conveyed by Fields to Menard. Hirsch v. Patton, 108 S. W., 1015; Brewer v. Cochran, 45 Texas Civ. App., 179; Harrison v. Fryar, 8 Texas Civ. App., 524; Grayson v. Lofland, 21 Texas Civ. App., 503; Garner v. Lasker, 71 Texas, 431; Baldwin v. Goldfrank, 88 Texas, 257; Texas Tram & Lumber Co. v. Gwin, 52 S. W., 112; Grant v. Searcy, 35 S. W., 861; Bounds v. Little, 75 Texas, 320.

FLY, ASSOCIATE JUSTICE.—This is an action of trespass to try title to 663 acres of land, a part of the Isaiah S. Fields survey. The cause was tried by jury, and resulted in a verdict and judgment for appellees for the land.

It was proved that a league of land had been granted to Isaiah Fields and his wife, Sarah Fields, and that the land in controversy is a part of that grant. They died leaving six heirs, and appellant claims the land through deeds from some of those heirs or their children, and proved title to a portion of the land unless there was evidence that the land had been sold by Isaiah and Sarah Fields. This was the claim of appellees, and they relied on circumstances to prove it, being unable to produce a deed from the original grantors, or a deed from their vendee to Allen, Poole & Co., through whom appellees claim. Attached to a deed of assignment made by Allen, Poole & Company to B. A. Shepherd, to secure their creditors, was a schedule of assets in which appeared

640 acres in Liberty County, "patented to I. S. Fields, conveyed to Allen, Poole & Co." That deed was recorded on October 2, 1874. In July, 1881, a deed was made by the assignees to William P. Ballinger conveying 640 acres of land out of the I. S. Fields survey, describing the 640 acres by metes and bounds. In that deed it was recited that the land conveyed was the same "conveyed by I. S. Fields to Rosina Menard, by deed dated May 15, 1849, and from Emma G. Menard to Allen, Poole & Company by deed dated January 21, 1871." The records of deeds of Liberty County were destroyed by fire in the year 1874. Appellees used due diligence in searching for the deeds from Isaiah Fields to Rosina Menard and from Emma G. Menard to Allen, Poole & Company, but they could not be found. Emma G. Menard was the only child of Peter and Rosina Menard, and when they died she inherited all of their property. The evidence showed, without contradiction, that the land in controversy was assessed for taxation by P. Menard, the husband of Rosina Menard, in 1854, and that it was so assessed every year from that time by said P. Menard or those claiming under him, including appellees. No claim was shown to have been made by the heirs of Isaiah Fields to the land until January 19, 1906, when Tompkins, their attorney in fact, executed a deed to appellant to a part of the land. The suit was instituted on January 26, 1907.

The court instructed the jury as follows: "You are charged that, unless you can presume a deed from Isaiah S. Fields to Rosina Menard, after considering and weighing all the relevant facts and circumstances in evidence in this case and applying the law given you to that feature of the case, then you are charged that the plaintiff is entitled to recover all the land in controversy except the one-fifth (1-5) interest which the plaintiff admits defendant is entitled to, and the proof shows such interest was conveyed by the Stevens heirs through their attorney in fact, Silas M. Johnson, to —— ——.

"But if, following the instructions hereinafter given you as applicable to the question of presumption of a grant, you presume Isaiah S. Fields, on May the 15th, 1849, did execute a deed to said Rosina Menard to the land in controversy, then your verdict should be for the defendant. And in determining the question as to whether or not the jury can presume a grant from Isaiah S. Fields to Rosina Menard, you will consider and weigh all the relevant facts and circumstances in evidence, and if you find that from the relevant facts and circumstances in evidence it is more reasonably probable that Isaiah S. Fields did, on the 15th day of May, 1849, execute a deed to Rosina Menard to the land in controversy than that he did not execute such a deed, then the jury are at liberty to presume and find that such a deed was executed. But if you do not find that it is more reasonably probable that Isaiah S. Fields did execute such a deed than that he did not, then you are at liberty to presume such a deed, and in such case you will return a verdict for the plaintiff for all the land sued for except the one-fifth interest of the Stevens heirs which is admitted to be in the defendant, and as to which, should you find against the presumption of a deed from Isaiah S. Fields to Rosina Menard, you will return a verdict for the defendant."

It is claimed by appellant that the court committed fundamental error in submitting the case to the jury because all the evidence was docu-

mentary, and it was the duty of the court to decide as to the legal effect of the evidence and instruct a verdict for one party or the other in consonance with such decision. The claim can not be sustained. The recitations in the deed to Ballinger as to certain transfers, the lack of evidence to show any claim to the land, or any act of ownership by those under whom appellant claims from 1849 until 1906, the assessment of the property for taxation by those under whom appellees claim continuously from 1852 to the time of trial, constituted circumstances that were sufficient-to raise the issue as to whether the original grantees conveyed the land to Rosina Menard, and the issue was properly submitted to the jury.

The objection to the admission in evidence of the deed of assignment made by Allen, Poole & Co., and the assignees' deed to W. P. Ballinger, and the chain of title thereunder to appellees, on the ground that, no deed being shown from the original grantees to anyone under whom appellees claimed, the whole of the evidence was inadmissible, can not be sustained. As before stated, there were circumstances tending to indicate that a deed had been made by Isaiah S. Fields to Rosina Menard, as recited in the deed by the assignees to W. P. Ballinger, and the court properly allowed all the facts to go before the jury. The deed containing the recitations in question was twenty-six years old, and the recitals were admissible as a circumstance which, taken with other circumstances, might show that the original grantees of the land had parted with the title. That the execution of a deed may be established by circumstances is the settled doctrine in this State. Bounds v. Little, 75 Texas, 316; Walker v. Caradine, 78 Texas, 489; Sydnor v. Texas Sav. & Real Est. Ass'n, 42 Texas Civ. App., 138; Hirsch v. Patton (Texas Civ. App.), 108 S. W., 1015.

The case of Brewer v. Cochran, 45 Texas Civ. App., 179, is very similar to this, and the court discussed the facts as follows: "The circumstances relied upon were open and notorious assertion and claim of ownership by Roberts and those claiming under him from the date of Roberts' deeds, in 1869, down to the present time, together with payment of taxes. No actual possession was shown in any of the parties, plaintiffs or defendant or his vendors, but it was shown that the land was wild and unimproved land." There were recitals in Roberts' deeds to the effect that the land had been conveyed by parties owning to other parties, and the court, after discussing the effect of successive transfers, as tending to show claim of title to the land for many years, said: "The recitals in the deed admitted in evidence go only a step further, and show a claim by Roberts that he had title from a certain source, the execution of the deeds in and of itself showing a claim of title. The recitals were not offered or admitted as direct evidence of execution of the recited deeds, but only as a circumstance showing a claim by Roberts made as early as 1869, nearly forty years ago, as explanatory of his claim of title in himself, that the Brewers had conveyed it to him." The recitals were held to be proper evidence, and the judgment was affirmed, and a writ of error refused by the Supreme Court.

The court did not err in admitting in evidence the schedule of property attached to the deed of assignment. The description of the land therein may have been vague and uncertain, but if Allen, Poole & Co.

owned any land in the Fields grant it passed by the deed to the assignees, whether it was sufficiently described or not.

The charge of the court is not open to the criticisms urged against it under the fifth and sixth assignments of error.

The second special charge given by the court was not on the weight of the evidence, and was not calculated to mislead the jury.

No error has been indicated by appellant necessitating a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*

Writ of error refused.