

# Fourth Court of Appeals
## San Antonio, Texas

## DISSENTING OPINION

No. 04-24-00382-CV

**B.H.C.H. MINERAL, LTD.**, Petty Business Enterprises, Ltd., Joey R. Peacock, Jr., Trinity
Mineral Management, Ltd., Hardy Mineral and Royalties, Ltd., Mark Paulson, Venada Oil &
Gas, LLP, Appling Minerals, Td., Brenda Phillips on Behalf of B. Bryan Leitch III and on Behalf
of Leitch Company d/b/a MiOil Ltd.,
Appellants

v.

**NEEDMORE MINERALS, LLP**, Southwest Petroleum Company, LP, Serena Kundysek,
Trustee of Big Sky Mineral Trust, et al.,
Appellees

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2022CVK000754D3
Honorable Rebecca Ramirez Palomo, Judge Presiding

Opinion by: Velia J. Meza, Justice
Dissenting Opinion by: H. Todd McCray, Justice

Sitting: Rebeca C. Martinez, Chief Justice
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: May 20, 2026

Because I would find the presumed-grant doctrine establishes the Esperanza Successors'

interest (the "Reserved Interest") as a fixed 1/32nd royalty interest, I respectfully dissent from the

majority opinion.

In three recent cases, the Texas Supreme Court breathed fresh life into the relevance and application of the presumed-grant doctrine to property rights disputes.[1] In each, the Court explained that, in certain circumstances, a court may dispense with an interpretation of an original conveyance and instead rely on circumstantial evidence to determine one's property rights.[2] Because I believe those circumstances are irrefutably established in the record, I would find the presumed-grant doctrine is applicable to this matter and establishes the Reserved Interest as a fixed 1/32nd royalty interest.

The majority, however, contends that the presumed-grant doctrine is not applicable here because the doctrine should not be extended to establish nonpossessory rights such as royalties. I disagree with that conclusion.

First, I have seen no authority limiting the application of the doctrine to possessory interests. To the contrary, the doctrine was initially applied to incorporeal rights and only later began to be applied to land.[3] Accordingly, the application of the doctrine to non-possessory interests is but a reflection of its historic origins while the application to possessory interests was in fact the extension of the doctrine.[4]

> Of itself, extension of the lost grant presumption to corporeal interests should pose no problems; *just as non-possessory interests can be the subject of an express grant as readily as can possessory claims, rules of evidence relating to the latter should be equally applicable to the former*.[5]

---

[1] *See Boren Descendants v. Fasken Oil & Ranch, Ltd.*, No. 25-0010, 2026 WL 1108688 (Tex. Apr. 24, 2026); *Clifton v. Johnson*, No. 23-0671, 2026 WL 705763 (Tex. Mar. 13, 2026); *Van Dyke v. Navigator Group*, 668 S.W.3d 353 (Tex. 2023).

[2] *Boren*, 2026 WL 1108688, at *3; *Clifton*, 2026 WL 705763, at *6; *Van Dyke*, 668 S.W.3d 353, 368 n.11.

[3] *See Taylor v. Watkins*, 26 Tex. 688, 696–97 (1863) ("A very large proportion of the cases, both in England and America, in which courts have indulged the presumption of a grant, are cases in which the subject matter of the grant to be presumed was an incorporeal hereditament, and it was long questioned whether the doctrine of presumption ought to be applied to land.").

[4] *See Walker v. Sharp*, 78 Tex. 489, 493, 15 S.W. 31, 32 (1890) ("Now presumptions of grant have usually been applied to incorporeal hereditaments.").

[5] Jerome J. Curtis, Jr., *Reviving the Lost Grant*, 23 REAL PROP. PROB. & TR. J. 535, 538-39 (1988) (emphasis added).

Therefore, I would conclude that when determining the presumption of a grant, "[t]here is no difference, in principle, whether the subject be a corporeal or an incorporeal hereditament."[6]

The Texas Supreme Court's opinion in *Clifton* not only supports this position it demonstrates that the presumed-grant doctrine may be used to determine a non-possessory royalty interest. At issue in that case was "whether a 1951 deed's use of '1/128 (1/16 of the usual 1/8 royalty)' refers to a fixed 1/128 interest (as the parties to the deed and their successors apparently recognized for about 70 years) or a floating 1/16 interest (as no one ever asserted until the plaintiffs in this case did in 2020)."[7] The Court ultimately determined the matter via deed interpretation, concluding that the future-royalty conveyance was separate and independent from the mineral conveyance, and conveyed a fixed 1/128 nonparticipating royalty interest.[8] The Court then found it unnecessary to conduct a presumed-grant analysis but noted that, if its requirements were met, "the doctrine would lead to the same result as our reading of the deed: either way, Johnson is left with a fixed 1/128 royalty."[9]

Further, I disagree with the majority's conclusion that the presumed-grant doctrine does not apply because the Esperanza Successors were required to more actively assert a hostile claim. The presumed-grant doctrine is applicable if its proponent establishes three elements: (1) a long-asserted and open claim, adverse to that of the apparent owner; (2) nonclaim by the apparent owner; and (3) acquiescence by the apparent owner in the adverse claim.[10] Notably, each of these

---

[6] *Lewis v. City of San Antonio*, 7 Tex. 288, 305 (1851); *see also Martin v. Burr*, 111 Tex. 57, 66–67, 228 S.W. 543, 546 (1921) ("The law authorizes the presumption of a grant from the enjoyment of an incorporeal right which affects the lands of others . . ..").

[7] *Clifton*, 2026 WL 705763, at *1.

[8] *Id*. at *4.

[9] *Id*. at *6. *See also Boren*, 2026 WL 1108688, at *2 (explaining that the presumed-grant doctrine may be used to establish whether a party holds a fixed 1/32 royalty interest).

[10] *Van Dyke*, 668 S.W.3d at 366.

elements focuses on longstanding assertion, acquiescence, and historical treatment rather than technical parsing of the underlying legal instrument.[11]

The record before us shows a long-asserted, open claim to the Reserved Interest by the Esperanza Successors that the Garner Heirs acquiesced to. In light of that acquiescence, there was no need for the Esperanza Successors to more actively assert their rights.[12] Additionally, it is apparent from recent Texas Supreme Court decisions that all three elements required to establish the presumed-grant doctrine may be proven by the long-term, agreed treatment of the property right by the parties.[13]

It is undisputed that, until appellees acquired the Garner Heirs' interest in 2021, the Reserved Interest had always and only been calculated as a fixed 1/32nd royalty interest. In addition to five decades of division orders, royalty payments, and conveyances recognizing the Reserved Interest as a 1/32nd fixed royalty interest, the summary judgment evidence includes unrefuted deposition testimony from Tulley Currey—a Garner Heir and predecessor in interest to appellees—that the Garner Heirs have always considered the Reserved Interest to be a fixed 1/32 royalty interest and have never taken the position that the Reserved Interest is a mineral interest resulting in a 1/32nd floating interest.

---

[11] *Clifton*, 2026 WL 705763, at *5. Accordingly, I believe it was improper for the majority to base its argument that the presumed-grant doctrine does not apply on its interpretation of the 1937 Deed (*i.e.*, that the Reserved Interest is a non-possessory royalty interest, and that the rules of adverse possession are inapplicable to such interests). By making the deed construction dispositive at the outset, the majority undermines the role given to the presumed-grant doctrine by Texas courts by negating the undisputed historical evidence regarding the parties' treatment of the Reserved Interest. *See id*. ("[T]he presumed-grant doctrine is concerned not with textual meaning but with real-world developments.").

[12] *See Jeffus v. Coon*, 484 S.W.2d 949, 954 (Tex. App.—Tyler 1972, no writ) ("Adverse claim and proof of nonclaim on the part of the Kindman heirs *was shown by lack of dispute* of title after Barton Clark acquired the land down to the time of trial.") (emphasis added).

[13] *See*, *e.g.*, *Clifton*, 2026 WL 705763, at *6 (noting that "the doctrine's demanding requirements" may be met "when parties have relied on seven decades of consistent understanding"); *Van Dyke*, 668 S.W.3d at 366–67 ("We think that the parties' history of repeatedly acting in reliance on each having a 1/2 mineral interest conclusively satisfies the presumed-grant doctrine's requirements.").

Following recent Texas Supreme Court decisions, I would find that this record—with uncontroverted evidence establishing the appellees' predecessors-in-interest's unquestioned, decades-long agreement with the Esperanza Successors that the Reserved Interest is a fixed 1/32nd royalty interest—satisfies the presumed-grant doctrine's requirements.

For these reasons, I respectfully dissent.[14]

H. Todd McCray, Justice

---

[14] Even if certain evidence had been disputed, at a minimum, the summary judgment evidence, viewed in light of recent Supreme Court precedent, raises a genuine issue of material fact regarding the presumed-grant doctrine's application here.